**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gary SOCKWELL, Defendant-Appellant.**

**No. 82–3362**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1983.
Certiorari Denied May 16, 1983.

See 103 S.Ct. 2106.

John T. Mulvehill, Federal Public Defender, Virginia L. Schlueter, Asst. Fed. Public Defender, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Patrick J. Fanning, Harry W. McSherry, Jr., Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This case involves a grandiose episode of the smuggling of 150,000 pounds of marihuana into Louisiana from the nation of Colombia. It features a nefarious voyage ending in fire and a sunken ship. The smuggling was accomplished, but the concocted alibi of the smugglers collapsed.

Appellant Gary Sockwell was a member of the five man crew which sailed the M/V NOORDERKROON from Colombia to offshore Louisiana. When it arrived at Breton Sound, Louisiana, within United States territorial waters, the marihuana, except for 149 pounds, was quickly offloaded onto two barges by 30 to 40 persons who showed up with the barges. As a dramatic conclusion to the voyage, the NOORDERKROON, its peccant mission at an end, was scuttled and set on fire by the crew. The crew then departed the scene in a smaller boat. Another ship reported the fire. Investigation by government authorities of the ship, resting only partly submerged in shallow waters, revealed the remaining 149 pounds of marihuana.

The entire crew, including appellant, five days later appeared at the King Ranch in Texas where they contacted authorities and told a fabricated story about being hijacked by unknown persons.

In an earlier investigation of this same series of events by a federal grand jury, Sockwell had been granted use and derivative use immunity under the provisions of 18 U.S.C. §§ 6002, 6003. He had earlier given the authorities a false statement concerning his involvement in the voyage, and he reiterated the false statement before the jury. He was subsequently indicted for perjury before the grand jury and pleaded guilty to the charge.

Finally, almost three years after the events, Sockwell, who had been a fugitive for part of this period, was indicted on six counts arising out of his involvement in the marihuana smuggling scheme. Three of the crew members pleaded guilty and testified as government witnesses at Sockwell's trial. The fourth crew member refused to testify even though he had been granted immunity.

Sockwell was charged with (1) possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1); (2) importation and aiding and abetting the importation of marihuana in violation of 21 U.S.C. § 952(a), and 18 U.S.C. § 2; (3) conspiracy to possess marihuana with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1); and (4) conspiracy to import marihuana in violation of 21 U.S.C. §§ 960(a)(1), 963. He was also charged with two counts related to the intentional burning of the vessel. The district court ordered judgment of acquittal on those two counts. They are not before us on this appeal.

The jury convicted Sockwell on the four counts set out above. The district court imposed concurrent five year sentences on all counts with a concurrent two year special parole term on the substantive counts only. Sockwell filed a timely appeal.

I.

Sockwell raises a number of claims. The first is that there was not sufficient evi-

dence to support the convictions. Sockwell takes the position that he was the lowest ranking member of the crew, the cook, and that he did not participate in any way in the conspiracies to smuggle marihuana or to possess it with intent to distribute it. Then, he asserts, since he was not a member of the conspiracies, he was also not guilty of the related substantive offenses.

In reviewing Sockwell's sufficiency contention, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Recently we spelled out the application of this standard in *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), as follows: "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. The jury is free to choose among reasonable constructions of the evidence."

■ Sockwell's contention that he was merely a cook for the vessel's crew and did not participate in any of the activities of the vessel is belied by the specific testimony of the other members of the crew who pleaded guilty and testified at his trial. There is sufficient direct evidence from their testimony, if the jury wished to believe it, that he was a participating and functioning member of the conspiracy throughout.

This evidence alone is enough. It is buttressed, in addition, by the factors enumerated by this Court in *United States v. Alfrey,* 620 F.2d 551, 556 (5th Cir.), *cert. denied,* 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980). In that case we stated that in deciding whether a crew member's participation in a conspiracy to smuggle marihuana had been established, the Court would take into account (1) the length of the voyage, (2) the quantity of marihuana on board, and (3) the necessary close relationship between a captain and his crew. In this case, the ship was en route at least two weeks, the amount of marihuana on board was perhaps enough to pollute the air over the entire mid-United States, and the crew was small and was closely associated. Establishment of this third circumstance is shown in addition to the testimony by the fact that Sockwell showed up at the King Ranch with the other members of the crew. They all told the same fabricated story. These factors are more overwhelming in pointing to a conspiracy conviction in this case than in many cases in which this Court has applied them: *e.g., United States v. Mazyak,* 650 F.2d 788, 791 (5th Cir.1981), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982) (19-day voyage, 14,611 pounds of marihuana); *United States v. Freeman,* 660 F.2d 1030, 1035 (5th Cir.1981) (10-day voyage, 41,000 pounds of marihuana).

In sum, the evidence clearly gave solid grounding for the jury properly to infer that Sockwell was a full and participating member in the activities of the five person crew in importing this 75 tons of marihuana into the United States. Further, as a member of the conspiracy, he was also guilty of the two substantive acts charged in the indictment. As to the importation count: the substance was marihuana, it came from outside the United States, and it was unloaded in the territorial waters of the United States. Sockwell was charged under the aider and abettor statute, 18 U.S.C. § 2, and the district court instructed the jury on its elements.

The evidence also supports the conviction for possession with intent to distribute. "Possession of a controlled substance with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), may be either actual or constructive." *United States v. Wilson,* 657 F.2d 755, 760 (5th Cir.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982). Moreover, the "[i]ntent to distribute a controlled substance under 21 U.S.C. § 841 may be inferred solely from possession of a large amount of the substance." *United States v. Grayson,* 625 F.2d 66 (5th Cir.1980). *See United States v. Chapparro-*

*Almeida,* 679 F.2d 423 (5th Cir.1982); *cf. United States v. Cadena,* 585 F.2d 1252 (5th Cir.1978), in which the unloading occurred on the high seas and there was no evidence that the defendant had entered territorial waters, intended to do so, or joined with anyone else in a plan to do so.

The jury, as was its prerogative, *United States v. Sheppard,* 688 F.2d 952, 953 (5th Cir.1982), determined the credibility of the witnesses. Sockwell's claim that he was merely on board as an innocent cook does not merit belief in view of the evidence. Considered in the light most favorable to the government, the evidence was sufficient to sustain Sockwell's conviction.

## II.

Sockwell next contends that the admission of the coconspirators' guilty pleas was prejudicial because it implied that Sockwell was guilty by association. The prosecutor in his opening statement and during his direct examination of the other crew members who testified against Sockwell elicited testimony concerning their plea bargains. The government asserts that the guilty pleas were brought out on direct examination in anticipation of impeachment by the defense. Of critical importance is the fact that the defense did not object to the testimony, but undertook to impeach the coconspirators' testimony through vigorous cross-examination about the "favorable" deals that the government witnesses had received. The record reveals that defense counsel also invited further consideration of their pleas by referring to the plea bargains in closing argument to the jury.

█ The record does not reflect any use by the government of the pleas of the government witnesses as substantive evidence of Sockwell's guilt. Further, the trial court charged the jury that the codefendants' guilty pleas should not be considered against Sockwell. This charge was given even though the defense did not request it. We have said: "Ordinarily, when the jury learns of a codefendant's guilt [of] the same or similar offenses, and the defense counsel does not request that a curative instruction

be given, the failure of the trial judge to give one will not require reversal." *United States v. DeLucca,* 630 F.2d 294, 299 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 819 (1981). Here the charge, even though not requested, was given. It dispelled any prejudice arising from the jury's knowledge of the coconspirators' guilty pleas. The district judge did not abuse his discretion in admitting the testimony. *United States v. Black,* 685 F.2d 132, 135 (5th Cir.1982).

## III.

Next, Sockwell argues that the district court erred in not granting a mistrial when a suggestion of plea bargaining negotiations relating to him was elicited in prosecutorial questioning of a prosecution witness. This allegedly prejudicial testimony occurred when the prosecutor asked one of the crew members what discussions he had had with Sockwell while they were in jail awaiting trial. The witness replied, "I asked him [Sockwell] what his plea bargain was one time." This witness also told Sockwell that he had been subpoenaed to testify against him. Defense counsel did not object to this question and answer, and on cross-examination made clear that Sockwell had made no plea bargain. Defense counsel inquired of the witness: "The only plea bargaining, sir, is yours, is that correct?" Defense counsel did make objection when the prosecutor attempted on redirect to re-question the witness in more detail about the nature of their conversation. The court sustained this objection, and the subject was dropped.

Fed.R.Crim.P. 11(e)(6) and Fed.R.Evid. 410 make inadmissible any statement made "in connection, and relevant to" an offer to plead guilty. As *United States v. Robertson,* 582 F.2d 1356, 1365 (5th Cir.1978) (en banc), says, however, "[s]uppressing evidence of such negotiations serves the policy of ensuring a free dialogue only when the accused and the government actually engage in plea negotiations . . . ."

In this record the conversation is shown to be no more than casual talk between coconspirator cellmates. There is no indication that the conversation between the two defendants awaiting trial was analogous to the evidence prohibited by the federal rules. There is no evidence that Sockwell thought he was being approached by someone authorized to make plea negotiations. *United States v. Brooks,* 670 F.2d 625, 628 (5th Cir.1982). Considering the totality of the circumstances, unobjected to, fragmentary allusion in the conversation could not in any way be construed as a plea negotiation. There was no violation of Fed. R.Crim.P. 11(e)(6) and Fed.R.Evid. 410.

### IV.

Appellant next objects to the two separate conspiracy counts because, it is claimed, they involved only one alleged overall scheme to import marihuana. Sockwell was convicted of the conspiracy to possess marihuana with intent to distribute it and also the conspiracy to import marihuana. But it is recognized under the leading case of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), that although some elements overlap, separate crimes occur even when they are based upon the same conduct if they require proof of different facts. This dual conspiracy issue in a case involving importation and distribution of controlled substances was resolved contrary to appellant's argument by this Court in *United States v. Rodriguez,* 612 F.2d 906, 919 (5th Cir.1980) (en banc), *affirmed sub nom., Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Here, the conspiracies charged are separate crimes with distinguishable statutory elements and proof requirements, and the jury was so instructed. There was no error.

### V.

An additional issue raised by appellant is an effort to attack the credibility of the captain of the ship who testified against him by offering as an exhibit the captain's motion to reduce sentence, the government's response to the motion, and the court's ruling which modified sentence pursuant to 18 U.S.C. § 4205. The government objected to the proffered exhibit as irrelevant, and the district judge sustained the objection. It is appellant's contention that the exhibit was relevant to the witnesses' credibility because it disclosed details of a plea bargain and modified sentence, revealing a motive in testifying against the accused.

The record makes clear that this proffered evidence was superfluous. It was the subject of overt testimony and comment at the trial that the captain of the ship had pleaded guilty and had made a plea bargain. Defense counsel extensively cross-examined him concerning the terms of his plea bargain agreement and his motivation for testifying. A letter outlining the nature of his agreement to cooperate was admitted. The prosecutor in his opening statement made clear that the witness had entered into a plea bargain. This contention by appellant is meritless.

### VI.

Finally, appellant asserted by motion in the trial court that his immunized testimony from an earlier grand jury investigation was made known to the grand jury which indicted him. The district judge delayed ruling on this motion until the trial was completed. After conducting an *in camera* inspection of the grand jury proceedings, the district judge denied the motion, finding the evidence before the grand jury was derived from an independent source. Appellant does not allege that any specific evidence presented at trial was tainted, but submits only the general *res ipsa loquitur* argument that the indictment did follow from the later grand jury proceedings.

On this issue the government had the burden of showing that the evidence it proposed to use was not tainted but was derived from legitimate sources wholly independent of the compelled testimony obtained from the grant of immunity. *Kastigar v. United States,* 406 U.S. 441, 460,

92 S.Ct. 1653, 1664–1665, 32 L.Ed.2d 212 (1972). The grand jury record read in the presence of defense counsel by the district judge revealed that in fact the evidence presented to the second grand jury came wholly from other sources. Sockwell's previous perjured testimony was not before this grand jury and formed no basis for his indictment.

We have considered all of the contentions raised by appellant Sockwell and find them without merit. The judgment of the district court is

AFFIRMED.