**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arvey Hawy LYONS and Vickie Elaine Lyons, a/k/a Vickie Colbert,
Defendants-Appellants.**

No. 82–1325.

United States Court of Appeals,
Fifth Circuit.

April 14, 1983.

Rehearing Denied May 11, 1983.

Melvyn Carson Bruder, Dallas, Tex., for defendants-appellants.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RUBIN, GARZA and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A husband and wife, convicted of conspiracy and interstate transportation of stolen goods, claim they were denied their sixth amendment rights of confrontation and cross-examination because a government witness invoked the privilege against self-incrimination after a brief direct examination. They also assert various trial errors. Finding none of the claims to have merit, we affirm.

Arvey Hawy Lyons and his wife, Vickie Elaine Lyons, were convicted of violating 18 U.S.C. § 371 (1976), by conspiring to violate federal statutes prohibiting the interstate transportation of stolen goods, *id.* § 2314 (1976), and the receipt of such goods, *id.* § 2315 (1976). Mr. Lyons alone was convicted of committing the substantive offense of transporting stolen goods in interstate commerce under § 2314.

Viewed in the light most favorable to the government,[1] the evidence at trial demonstrated that the Lyons organized an elaborate interstate burglary scheme. Two accomplices, Woolridge and Joseph, were recruited in Los Angeles. Ms. Lyons drove them to the airport and, with cash, purchased tickets for their travel to Dallas. She remained in Los Angeles.

On arriving in Dallas, Woolridge and Joseph were met by Mr. Lyons, Jacqueline Cook, and a man named Steve. The five burglarized several Dallas clothing stores. The stolen goods were packaged, and Mr. Lyons shipped them, air freight, to Carol Jenkins in Los Angeles. Mr. and Ms. Lyons

---

1. *See, e.g., Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Jackson,* 700 F.2d 181, 185 (5th Cir.1983); *United States v. Sockwell,* 699 F.2d 213, 215 (5th Cir.1983).

later picked up these packages at the Los Angeles airport.

## I.

■ Jacqueline Cook participated in the Dallas burglaries. She was interviewed before the Lyons' trial by an assistant United States attorney. He knew that, because of her relationship with the Lyons, she did not wish to testify. He also knew that Ms. Cook had pleaded guilty to related state charges and thought, erroneously, that she had thereby waived her fifth amendment privilege against self-incrimination with respect to these events.[2] Without informing Ms. Cook of her right not to incriminate herself or obtaining any assurance that she would waive this right, the attorney called her as the government's last witness.

Ms. Cook had been identified in earlier testimony as a participant in the Dallas burglaries. She testified that shortly before the burglaries she met with the Lyons in Los Angeles. The meeting took place in the Lyons' yellow Cadillac and was for the purpose, she testified, of discussing business "pertaining to some burglaries." At this point, the district judge stopped the questioning. After excusing the jury for lunch, the judge advised Cook of her privilege against self-incrimination. She stated that she did not want to testify. She also responded affirmatively to the judge's suggestion that she discuss the matter with counsel. After consultation with her newly appointed attorney, Ms. Cook invoked the fifth amendment.

Ms. Cook's attorney moved to strike her direct testimony and to prevent her from being called to the stand for cross-examination. The defendants moved for a mistrial. The judge denied the defendant's motion. He recalled the jury but did not reveal the fact that Ms. Cook had asserted her fifth amendment rights. He stated simply "I

have determined that the lady should not testify...." He then gave the jury an emphatic instruction to disregard Ms. Cook's testimony. The Lyons now claim the judge's instruction failed to protect their sixth amendment rights adequately.

"There are few subjects, perhaps, upon which [federal courts] have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas,* 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 927 (1965). For this reason, the sixth amendment guarantees the accused in a criminal prosecution the right to cross-examine the witnesses against him. *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974); *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934, 937 (1965); *Truman v. Wainwright,* 514 F.2d 150, 151 (5th Cir.1975).

■ The trial court also has a duty, however, to protect the fifth amendment rights of witnesses. *Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624, 629 (1931); *United States v. Demchak,* 545 F.2d 1029, 1031 (5th Cir. 1977). The judge necessarily is accorded broad discretion in determining the merits of a claimed privilege and the measures to be taken as a result of a valid fifth amendment claim. *See United States v. Fricke,* 684 F.2d 1126, 1132 (5th Cir.1982) *cert. denied,* —— U.S. ——, 103 S.Ct. 1250, 75 L.Ed.2d 480 (1983); *United States v. Melchor Moreno,* 536 F.2d 1042, 1050 (5th Cir. 1976). And if the judge sustains a witness' assertion of the privilege, the defendant has no right to call the witness to the stand merely to force invocation of that right before the jury. *See Fricke,* 684 F.2d at

2. In fact, Ms. Cook's plea waived only the privilege with respect to the specific state charges to which she pleaded guilty. "[I]f the witness is still subject to other crimes which h[er] testimony might tend to reveal, the privilege remains." *In re Bryan,* 645 F.2d 331, 333 (5th Cir.1981) (per curiam); *accord United States v.*

*Gloria,* 494 F.2d 477, 480 (5th Cir.), *cert. denied,* 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974). So long as Ms. Cook could be charged with other crimes because of her participation in the events in question, she could still assert her privilege against self-incrimination.

1131 n. 7; *Melchor Moreno,* 536 F.2d at 1046 n. 4; *United States v. Gomez-Rojas,* 507 F.2d 1213, 1220 (5th Cir.), *cert. denied,* 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Lacouture,* 495 F.2d 1237, 1240 (5th Cir.), *cert. denied,* 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974).

■ When a prosecution witness invokes the fifth amendment after testifying on direct examination, the privilege against self-incrimination conflicts with the defendant's sixth amendment confrontation rights. The defendant is deprived of his right to inquire into the witness' credibility through cross-examination. If this impediment to cross-examination creates a "substantial danger of prejudice by depriving [the defendant] of the ability to test the truth of the witness's direct testimony," relief is warranted. *United States v. Diecidue,* 603 F.2d 535, 552 (5th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980); *accord United States v. Phillips,* 664 F.2d 971, 1027–28 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982).

■ Ordinarily, the appropriate relief in such a case is for the trial judge to strike the direct testimony of the witness. *See Phillips,* 664 F.2d at 1027–28; *Diecidue,* 603 F.2d at 552; *Fountain v. United States,* 384 F.2d 624, 628 (5th Cir.1967), *cert. denied,* 390 U.S. 1005, 88 S.Ct. 1246, 20 L.Ed.2d 105 (1968). If the direct testimony is especially prejudicial, however, as it may be when the witness bears a special relationship to the defendant, we have held this remedy inadequate. On the premise that the jury could not follow the instruction to disregard the witness' testimony, we have then required a mistrial. *See United States v. Ritz,* 548 F.2d 510 (5th Cir.1977) (privilege invoked by witness who was spouse of one defendant and father of others); *United States v. Demchak,* 545 F.2d 1029 (5th Cir.1977) (father of defendant invoked privilege); *San Fratello v. United States,* 340 F.2d 560 (5th Cir.1965) (wife of defendant invoked privilege).

The government agrees that Cook's invocation of the privilege against self-incrimination prevented the Lyons from testing the truth of her direct testimony. Thus, it is undisputed that some form of relief was appropriate. The real issue, then, is whether the district judge properly concluded that the Lyons' sixth amendment rights were protected by striking Cook's testimony, or whether a mistrial was required.

■ We conclude that a mistrial was unnecessary. The general rule in this circuit is that "[a]n instruction to disregard ... is sufficient, unless the remark is so prejudicial that it is incurable by the court's admonition." *United States v. Irwin,* 661 F.2d 1063, 1071 (5th Cir.1981), *cert. denied,* 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982); *United States v. Contreras,* 602 F.2d 1237, 1241 (5th Cir.) (per curiam), *cert. denied,* 444 U.S. 971, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979); *United States v. Carrillo,* 565 F.2d 1323, 1326 (5th Cir.), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978).

■ Ms. Cook's testimony was short and primarily cumulative to previously admitted evidence. The jury had already heard Woolridge say that Ms. Cook was involved in the burglary conspiracy, having directly participated in the breaking and entering of the Dallas stores. The testimony had also directly implicated Mr. Lyons in those burglaries. Hence, his connection with Ms. Cook was established even before her appearance. As discussed *infra,* Ms. Lyons was charged with, and the evidence proved her participation in, this same conspiracy. The one fact Ms. Cook specifically related, that the Lyons were in Los Angeles in October 1981 and had a yellow Cadillac Seville, was also testified to by Woolridge.

We conclude that the trial judge may not be faulted for not declaring a mistrial. Given the cumulative nature of Cook's testimony, he acted within his discretion in concluding that the jury could follow his emphatic instruction to disregard Cook's testimony.[3]

3. The Lyons' brief intimates that the prosecutor called Ms. Cook to the stand with knowledge

## II.

Mr. and Ms. Lyons were represented at trial by a single attorney.[4] The trial judge failed to hold a hearing pursuant to Fed.R.Crim.P. 44(c) to inquire whether any possible conflict of interest existed.[5]

The trial court's failure to comply with Rule 44(c) does not, of itself, entitle the Lyons to relief. The inquiry and advice provided for by that rule are not ends in themselves; they are a procedure designed to prevent conflicts of interest. *See United States v. Benavidez,* 664 F.2d 1255, 1258–59 (5th Cir.), *cert. denied,* —— U.S. ——, ——, 102 S.Ct. 2936, 2963, 73 L.Ed.2d 1334, 1352 (1982). Therefore, "even if the trial court fails to comply fully with the mandates of Rule 44(c), a defendant must still demonstrate an 'actual conflict of interest' before we will reverse his conviction." *Benavidez,* 664 F.2d at 1259.[6] At no time did Mr. or Ms. Lyons, or their attorney, call the trial court's attention to any real or potential conflict. The record is devoid of evidence that would have exculpated one of the appellants but inculpated the other. Their claim of conflict is limited to the

assertion that Ms. Lyons might have exonerated herself by claiming that she was the innocent dupe of Mr. Lyons criminal activity. Yet this amounts to little more than speculation. It does not constitute the actual conflict of interest required by *Benavidez* to obtain relief for a violation of Rule 44(c).[7]

The sixth amendment also guarantees criminal defendants the right to conflict-free counsel. *Mitchell v. Maggio,* 679 F.2d 77, 78–79 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 222, 74 L.Ed.2d 176 (1982). However, it is well settled that joint representation does not, in itself, violate this guarantee. *See Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426, 433 (1978); *Benavidez,* 664 F.2d at 1260. To establish a sixth amendment violation, a defendant who raised no objection at trial must show that an actual conflict of interest affected his attorney's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 346 (1980); *Benavidez,* 664 F.2d at 1259. An actual conflict exists if "counsel's introduction of probative evi-

that she would invoke the fifth amendment. It is, of course, "impermissibly prejudicial for the government to attempt to influence the jury by calling a witness it knows will invoke the fifth amendment." *United States v. Beechum,* 582 F.2d 898, 908 (5th Cir.1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). This, however, is not such a case. Ms. Cook did not invoke the fifth amendment before the jury; she did so only after the court stopped her testimony and, out of the presence of the jury, advised her of her rights. Moreover, our review of the record leaves us with no doubt that the prosecutor did not anticipate that Cook would invoke the privilege.

4. We note that the Lyons continue to be represented by a single attorney on appeal.

5. Fed.R.Crim.P. 44(c) provides in relevant part: (c) *Joint Representation.* Whenever two or more defendants have been jointly charged ... and are represented by the same ... counsel ..., the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropri-

ate to protect each defendant's right to counsel.

6. Our position with respect to Rule 44(c) violations is consistent with that taken by the other two circuits that have addressed the question. *See United States v. Alvarez,* 696 F.2d 1307, 1309–10 (11th Cir.1983); *United States v. Arias,* 678 F.2d 1202, 1205 (4th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982).

7. The Lyons also suggest that we remand for an after-the-fact Rule 44(c) hearing. Although we would certainly consider such a remand if there were some indication that it might be helpful, there is nothing in the record, the briefs, or the arguments before this court that even intimates a conflict existed. We see no reason to remand simply to allow the Lyons to conjure up a spectral conflict. The Lyons are mistaken in arguing that the Fourth Circuit requires such a remand when Rule 44(c) is not complied with. *See, e.g., United States v. Arias,* 678 F.2d at 1205 (if non-compliance is "mentioned for the first time on appeal, we think it is not plain error and decline to reverse the case or inquire further into the matter. ...").

dence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing." *Baty v. Balkcom,* 661 F.2d 391, 395 (5th Cir.1981), *cert. denied,* 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).

As noted above, however, the Lyons have failed to demonstrate any actual conflict arising from their representation by the same counsel. Their speculative claim of conflict is insufficient to warrant relief. *See Mitchell v. Maggio,* 679 F.2d at 79; *Barrientos v. United States,* 668 F.2d 838, 841 (5th Cir.1982).

### III.

■ The Lyons both charge that count one of the indictment, charging a conspiracy to transport and receive stolen property in violation of two federal statutes, was duplicitous.[8] Neither objected to the form of the indictment before or during trial. Rule 12(f) of the Federal Rules of Criminal Procedure plainly states that a party who fails to raise defenses and objections based on defects in the indictment before trial waives the objections, unless good cause is shown. None is shown here. We, therefore, refuse to consider the belatedly-raised duplicity claims. *See United States v. Leon,* 679 F.2d 534, 539 (5th Cir.1982); *United States v. Elam,* 678 F.2d 1234, 1251 (5th Cir.1982).

■ Nor need we rest our decision on waiver alone. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23, 28 (1942); *accord United States v. Avila-Dominguez,* 610 F.2d 1266, 1270 (5th Cir.), *cert. denied,* 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980); *Overstreet v. United States,* 321 F.2d 459, 461 (5th Cir. 1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614 (1964).

### IV.

The district court instructed the jury that the "government need not prove that the defendants conspired to violate both Section 2314 and Section 2315. It is sufficient if the government proves beyond a reasonable doubt that the defendants conspired to violate either one of those sections." The Lyons contend that this instruction was erroneous because it denied them the right to a unanimous jury verdict as to the particular statute they conspired to violate.

■ The Lyons did not object to the instruction they now challenge. Consequently, we review it only for plain error. Fed.R.Crim.P. 52(b). Under that standard, relief is afforded only if the challenged error is "so obvious that failure to notice it would 'seriously affect the fairness, integrity or public reputation of judicial proceedings' ... and result in a miscarriage of justice." *United States v. Howton,* 688 F.2d 272, 278 (5th Cir.1982) (citation omitted); *accord United States v. Montemayor,* 684 F.2d 1118, 1124 (5th Cir.1982); *United States v. Graves,* 669 F.2d 964, 971 (5th Cir.1982).

■ We find no such error. Indeed, the instruction properly stated settled law: "When a conspiracy to violate two statutes is alleged, the jury may find the defendant guilty if they believe beyond a reasonable doubt that he or she conspired to violate either one of the statutes." *United States v. Wilkinson,* 601 F.2d 791, 796 (5th Cir. 1979); *accord United States v. Elam,* 678 F.2d 1234, 1250 (5th Cir.1982); *Williams v. United States,* 238 F.2d 215, 218 (5th Cir. 1956), *cert. denied,* 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957).

There is no substance to the claim that such an instruction violates the defendant's right to a unanimous jury verdict. The instruction authorized the jury to convict only if they unanimously agreed that the

---

**8.** "'Duplicity' is the joining in a single count of two or more distinct and separate offenses." *United States v. Elam,* 678 F.2d 1234, 1250 n.

27 (5th Cir.1982); *see generally* 1 C. Wright, Federal Practice and Procedure § 142 (1982).

defendants conspired to violate either or both of the statutes; it did not say they could convict if some jurors believed the Lyons conspired to violate one statute while other jurors believed they conspired to violate the other.

## V.

Finally, Ms. Lyons challenges the sufficiency of the evidence to support the jury's verdict of her guilt. We are mindful of our duty to "guard against the dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *United States v. Jackson,* 700 F.2d 181, 185 (5th Cir.1983) (quoting *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126, 130 (1976)). Nevertheless, the verdict "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Sockwell,* 699 F.2d 213, 215 (5th Cir.1983). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilty, provided a reasonable trier of fact could find guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 n. 3 (5th Cir.) (en banc), *cert. granted on other grounds,* —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982); *United States v. Shaw,* 701 F.2d 367, 394 (5th Cir.1983).

 To convict for criminal conspiracy, the jury must find "an agreement between two or more persons to commit a crime, and an overt act by one of the conspirators to further the agreement." *United States v. Khamis,* 674 F.2d 390, 392 (5th Cir.1982). There was evidence that Ms. Lyons picked up two of the burglars, persons with whom she was apparently not previously acquainted, and drove them to the Los Angeles airport. She paid for their airline tickets for the trip from Los Angeles to Dallas in cash. Later, accompanied by her husband who was intimately involved in the conspiracy and who does not challenge the sufficiency of the evidence to convict him, she went to the Los Angeles airport on November 1, 1981, to pick up two boxes that contained the stolen clothing. These boxes were clearly marked on the outside as being sent from Rodney Jenkins to Carol Jenkins (who were never identified as real persons, let alone persons whose packages the Lyons had a right to claim) at an address that did not exist. Nonetheless, Mr. Lyons drove away from the Los Angeles airport carrying one of the fraudulently marked boxes. She did not return the box.

 This was sufficient evidence to sustain the conviction. It was all circumstantial. There is no direct evidence in the record that Ms. Lyons knowingly or willingly joined in the conspiracy. Yet, while "mere presence at the scene of the crime or close association with a coconspirator will not support an inference of participation in a conspiracy ...," *United States v. Cochran,* 697 F.2d 600, 603 (5th Cir.1983); *United States v. Vergara,* 687 F.2d 57, 61 (5th Cir.1982), it is well settled that agreement may be shown by circumstantial evidence. *Cochran,* 697 F.2d at 603; *United States v. Kupper,* 693 F.2d 1129, 1134 (5th Cir.1982); *Vergara,* 687 F.2d at 61; *see United States v. Avila-Dominguez,* 610 F.2d 1266, 1272 (5th Cir.), *cert. denied,* 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980).

Ms. Lyons attempts to minimize the force of the evidence against her by isolating each individual piece of evidence and stripping it of its incriminating effect by advancing some plausible explanation for its existence. Even if the jury had found that each piece of evidence standing alone was consistent with innocence, however, it could reasonably have concluded that, taken as a whole, the evidence showed guilt beyond a reasonable doubt. *See United States v. Hinds,* 662 F.2d 362, 367 (5th Cir.1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1720, 72 L.Ed.2d 140 (1982). The sufficiency of the whole is not to be tested by the strength of each part.

For these reasons, both judgments are AFFIRMED.