**UNITED STATES of America**

**v.**

**Bruce G. CARVER, Sr.; Edmund J. Huguet, Sr.; Roy Kiahnell Smith; and Jimmy W. McKay**

**No. CRIM. 1:99CR70GG.**

United States District Court,
S.D. Mississippi,
Southern Division.

March 28, 2000.

Gaines H. Cleveland, U.S. Attorney's Office, Southern District of Mississippi, Biloxi, MS, for Plaintiff.

Albert L. Necaise, Albert Necaise, Attorney, James L. Davis, III, James L. Davis, III, Attorney, Donald J. Rafferty, Law Offices of Donald J. Rafferty, Gulfport, MS, James K. Dukes, Law Office of

James K. Dukes, Hattiesburg, MS, Chester D. Nicholson, Nicholson and Nicholson, Gulfport, MS, for Defendants.

### ORDER

GEX, District Judge.

This cause is before the Court on motion of the United States of America [government] for judicial inquiry [3–1] into possible conflict of interest present in this case, and following a hearing on this issue which was held March 10, 2000. The defendants Bruce G. Carver, Sr., Edmund J. Huguet, Sr., and Roy Kiahnell Smith all are currently represented by Albert Necaise, and all of whom were present, spoke on their own behalf at the hearing.

The record shows that Necaise represented seven respondents to the grand jury investigation which prefaced this case. (Exh. G–2, p. 1.) Two individuals who were represented by Necaise in the grand jury proceedings actually testified before the grand jury. (March 10, 2000, Hearing Testimony.) In addition, the government asserts that two individuals formerly represented by Necaise would be called to testify as witnesses in the criminal proceedings in this matter. (Exh. G–2, p. 6.) The government also maintains that because Necaise formerly represented defendant Jimmy McKay, Necaise would be unable to effectively cross examine McKay should McKay testify at trial. (*Id.*)

Each defendant's criminal conduct varies in the indictment and the government argues that Necaise would be unable to draw meaningful distinctions between each defendant's role in the alleged criminal activity. (*Id.*, p. 8.) In addition, Necaise would be unable to negotiate a favorable disposition for certain clients without affecting his other clients. (*Id.*, p. 9.) Finally, the government asserts that unforseen circumstances may arise which would implicate a conflict of interest for these individuals if Necaise were allowed to represent these defendants. (*Id.*, pp. 11–13.)

During the hearing, Necaise stated that he represented these defendants and others during the grand jury proceedings and proceedings conducted before United States Magistrate Judge Louis Guirola, Jr., and Chief United States District Judge Tom Lee who inquired of the defendants concerning the conflict of interest issue. (March 10, 2000, Hearing Testimony.) He stated that he had never represented the Harrison County Sheriff's Department in these proceedings, and that Joe Price, former Harrison County Sheriff, was not employed as an investigator for Necaise's law firm. (*Id.*) Necaise also argued that he believed that his clients should be allowed to make their own decisions about engaging an attorney on their behalf. (*Id.*) Finally, he contended that he saw no conflict in his representation of these defendants. (*Id.*)

Each defendant was individually questioned by the Court. Carver, Smith and Huguet were advised of their rights under the United States Constitution and thoroughly questioned about their understanding of potential conflicts. (*Id.*) The defendants were advised to assume that an actual conflict of interest existed in Necaise's representation, and to assume that certain information is available that would be helpful to an individual's defense and not to the others which Necaise would be unable to divulge due to the conflict in the mutual representation. (*Id.*)

Each defendant was advised that Necaise could not accompany them should one of them decide to cooperate with the government during the course of these proceedings. (*Id.*) Regardless of any issue raised by the Court or the government in the hearing, all three defendants stated they waived the conflict of interest and desired to have Necaise continue to represent them in the criminal proceedings. (*Id.*)

"Where a constitutional right to counsel exists [the Supreme Court's] ... Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097,

67 L.Ed.2d 220 (1981). "An actual conflict exists if 'counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing.'" *United States v. Lyons,* 703 F.2d 815, 820–2 (5th Cir.1983) (*quoting Baty v. Balkcom,* 661 F.2d 391, 395 (5th Cir.1981), *cert. denied* 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982)). The Court must ascertain the effectiveness of a defendant's waiver of conflict-free counsel. *United States v. Garcia,* 517 F.2d 272, 276–7 (5th Cir.1975). Rule 44(c) of the Federal Rules of Criminal Procedure provides as follows:

> [w]henever two or more defendants ... are represented by the same retained or assigned counsel ... the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

"If the conflict is so severe as to render a trial inherently unfair, then the integrity of the judicial system has been undermined, and the accused has been deprived of his right to effective assistance of counsel." *United States v. Vaquero,* 997 F.2d 78, 90 (5th Cir.1993), *cert. denied* 510 U.S. 1016, 114 S.Ct. 614, 126 L.Ed.2d 578.

■ Necaise argued that inquiry into the conflict of interest matter had been conducted by Judge Lee and Magistrate Judge Guirola prior to the March 10, 2000, hearing. Under Rule 44(c), the Court has a continuing obligation to guard against conflicts of interest which may become more severe as a case progresses. The Sixth Amendment protects a person's right to select and be represented by his counsel of choice. *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The right of choice is limited "not only by a demonstration of actual conflict, but by a showing of a serious potential conflict," which may be present even when the defendant has waived the potential conflict. *Wheat,* 486 U.S. at 164, 108 S.Ct. 1692.

Each of these defendants waived the potential conflict of interest during the hearing held in this matter on March 11, 2000. "Because of the potentially grave consequences of their waiver, courts 'indulge every reasonable presumption against the loss of constitutional rights.'" *United States v. Geittmann,* 733 F.2d 1419, 1423 (10th Cir.1984) (quoting *Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)).

■ Disqualification of counsel can be based on two grounds: (1) conflict of interest; or (2) integrity of the judicial system. *United States v. Snyder,* 707 F.2d 139, 145 (5th Cir.1983). In this case, Necaise represented the Harrison County Sheriff's Department in numerous civil suits involving prison litigation stemming from complaints about the Harrison County jail. In addition, Necaise has allowed the former Harrison County Sheriff, Joe Price, to utilize office space within his law office. Price stored documents in the space which included material allegedly directly related to this case. A conflict of interest is present when a defendant "'stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing.'" *United States v. Rico,* 51 F.3d 495, 509, n. 47 (5th Cir.1995), *cert. denied* 516 U.S. 883, 116 S.Ct. 220, 133 L.Ed.2d 150; citing *United States v. Holley,* 826 F.2d 331, 334, (5th Cir.1987), *cert. denied* 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 422 (1988). The Court finds that under these circumstances and to preserve the integrity of the judicial system, Necaise should be disqualified from representing any of these defendants, despite their professions to waive any conflict of interest voiced at the hearing. *United States v. Greig,* 967 F.2d 1018, 1024 n. 17 (5th Cir.1992). Ac-

cordingly, the Court will order the defendants. Carver, Huguet and Smith to obtain new counsel and notify the Court of new counsel within 30 days, or by no later than April 27, 2000. The trial of this matter will be moved from the April docket to the June 5, 2000, docket. It is, therefore,

ORDERED AND ADJUDGED that Necaise is disqualified from representation of the defendants Carver, Huguet, and Smith. Furthermore, the defendants Carver, Huguet and Smith shall obtain new counsel and notify the Court of new counsel within 30 days, or by no later than April 27, 2000. It is further,

ORDERED AND ADJUDGED that trial of this matter be moved from April 3, 2000, until the June 5, 2000, docket of this Court.