IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10032
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BERNARD JOSEPH DOLENZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-107-H-ALL
--------------------
August 4, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro</u> <u>se</u>, Bernard Joseph Dolenz appeals his convictions and sentence after being convicted of 12 counts of mail fraud.[1]  Dolenz raises 17 issues in his brief, all of which are either unavailing or waived due to inadequate briefing.[2]

Dolenz's argument that the mail-fraud statute requires a connection with interstate commerce is without merit; it only

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  Dolenz's "Motion to Bar Appellee's Brief" is DENIED.

[2]  Because Dolenz states that he is a licensed attorney, he is not entitled to liberal construction.  <u>See</u> <u>Olivares v. Martin</u>, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

requires the use of the mails. See <u>Neder v. United States</u>, 527 U.S. 1, 20 (1999); <u>Badders v. United States</u>, 240 U.S. 391, 393-94 (1916). Because Congress may regulate the use of the mails, his argument that his federal conviction violated the Tenth Amendment by usurping the criminal jurisdiction of the State of Texas also fails. See <u>United States v. Bailey</u>, 115 F.3d 1222, 1232-33 (5th Cir. 1997).

Likewise without merit is Dolenz's contention that there was no evidence to show that he engaged in a scheme or artifice to deprive another of the intangible right of honest services. Because the definition of the phrase "scheme or artifice to defraud" found in 18 U.S.C. § 1346 is inclusive rather than exclusive and because Dolenz was not charged under an honest-services theory, it matters not that there was no evidence to support such a theory. See <u>United States v. Manges</u>, 110 F.3d 1162, 1171 (5th Cir. 1997).

By failing to object to his indictment prior to trial, Dolenz waived his claim that his indictment was duplicitous for charging him with both mail fraud and aiding and abetting. See Fed. R. Crim. P. 12(b)(2), (f); <u>United States v. Lyons</u>, 703 F.2d 815, 821 (5th Cir. 1983). In any event, his claim is meritless, see <u>United States v. Masson</u>, 582 F.2d 961, 963 (5th Cir. 1978); <u>United States v. Bullock</u>, 451 F.2d 884, 888 (5th Cir. 1971), as is his claim that his indictment is multiplicitous for charging a single offense of mail fraud in multiple counts. See <u>United States v. McClelland</u>, 868 F.2d 704, 706 (5th Cir. 1989)(stating

that each separate use of the mails to further a scheme to defraud is a separate offense of mail fraud).

Dolenz's claim that his daughter's testimony should have been suppressed because it was given in exchange for leniency in the criminal proceedings against her is foreclosed by circuit precedent.  See United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert. denied, 526 U.S. 1138 (1999).  Likewise without merit is Dolenz's argument that his daughter was inherently untrustworthy and that the district court therefore abused its discretion in admitting business records from his clinic based on her testimony.  See United States v. Parsee, 178 F.3d 374, 380 (5th Cir.), cert. denied, 120 S. Ct. 450, 465 (1999).

Contrary to Dolenz's assertion, the order prohibiting him from contacting his daughter during his criminal proceedings did not rise to the level of a constitutional violation.  See United States v. Soape, 169 F.3d 257, 270-71 (5th Cir.), cert. denied, 527 U.S. 1011 (1999).  Moreover, Dolenz has not shown that the Government knowingly presented materially false evidence to the jury during its case-in-chief.  See United States v. Martinez-Mercado, 888 F.2d 1484, 1492 (5th Cir. 1989); see also United States v. Brown, 634 F.2d 819, 827 (5th Cir. Jan. 1981)(stating that it is not enough that the allegedly false testimony may have been challenged by another witness).

The district court did not improperly "split" Dolenz's term of imprisonment.  Because Dolenz was convicted of 12 separate mail-fraud offenses, the district court was authorized to impose consecutive sentences.  See U.S.S.G. § 5G1.2(d); 18 U.S.C.

3584(a).  Given the discrepancy between Dolenz's trial testimony and statements that he made prior to trial, no plain error occurred when the prosecutors commented during closing arguments that Dolenz had testified untruthfully.  See United States v. Washington, 44 F.3d 1271, 1279 (5th Cir. 1995); United States v. Loney, 959 F.2d 1332, 1343 (5th Cir. 1992).

Dolenz cannot rely solely on the composition of the jury panel at his own trial to show that he was denied his Sixth Amendment right to a trial by a jury selected from a fair cross-section of the community.  See United States v. Olaniyi-Oke, 199 F.3d 767, 773 (5th Cir. 1999); United States v. Alix, 86 F.3d 429, 434 n.3 (5th Cir. 1996).  Although Dolenz alleges in his fourteenth issue that his attorney was ineffective in 20 different respects, those allegations are not cognizable in his direct appeal.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

The district court did not plainly err in refusing to instruct the jury on materiality because, given the overwhelming evidence of materiality in this case, Dolenz has not shown that the failure to include such an instruction affected either his substantial rights or the fairness, integrity, or public reputation of judicial proceedings.  See Johnson v. United States, 520 U.S. 461, 469-70 (1997); United States v. Olano, 507 U.S. 725, 734, 741 (1993).  Dolenz's challenge to the constitutionality of Federal Rule of Criminal Procedure 52(a), which discusses harmless error, is misplaced because review of his claim falls under Rule 52(b), which governs review for plain

error.  See Johnson, 520 U.S. at 465-67; United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir.), petition for cert. filed, (U.S. June 7, 2000)(No. 99-9905).  Because the Supreme Court's decision in Neder v. United States, 527 U.S. 1, 25 (1999)(holding that materiality is an element of the federal mail-fraud statute), was issued after Dolenz was convicted and sentenced, his trial attorney cannot be said to have been ineffective for failing to request a jury instruction on materiality.  See Green v. Johnson, 116 F.3d 1115, 1125 (5th Cir. 1997)(stating that counsel has no general duty to anticipate changes in the law).

The district court did not err in refusing to consider Dolenz's pro se postjudgment motions.  Because those motions were filed months after the filing of his notice of appeal and because those motions--with the possible exception of his motion for bail pending appeal--were not in aid of his pending appeal, the district court lacked jurisdiction to consider them.  See United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979)(en banc). Even if it could be said that Dolenz's motions were in aid of his pending appeal, this court would lack jurisdiction to review the district court's orders disposing of those motions because Dolenz did not file a new notice of appeal or amend his previously-filed notice of appeal after those orders had been entered.  See Fed. R. App. P. 4(b)(1)(A)(i).  Dolenz's contention that the district court should have sanctioned the prosecutors, their witnesses, and various personnel at the Bureau of Prisons has no bearing on

the fairness and propriety of his convictions and, therefore, does not warrant appellate relief.

Dolenz also argues (1) that the district court erred in imposing more than $1.6 million in restitution because that amount exceeded the $4,000 alleged in the indictment, (2) that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his mail-fraud convictions, and (3) that the Sentencing Reform Act of 1984 is unconstitutional and without legal effect.  These issues are not adequately briefed and are therefore waived.  See United States v. Flores, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995).  In his reply brief, Dolenz also challenges various determinations used to calculate his sentence.  Because these issues are raised for the first time in his reply brief, they are also waived.  See United States v. Green, 46 F.3d 461, 465 n.3 (5th Cir. 1995).

MOTION DENIED; AFFIRMED.