United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50183
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CARLOS VAZQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-02-CR-1303-11)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Luis Carlos Vazquez (Vazquez) appeals his conviction for possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). He argues that he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to conflict-free counsel. He contends that the district court erred in failing to conduct an adequate hearing under FED. R. CRIM. P. 44(c) to determine whether

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any conflict of interest might exist or arise because of his counsel's joint representation of Vasquez and his co-defendant brother. He argues further that the district court erred in failing to conduct a second hearing pursuant to FED. R. CRIM. P. 44(c) when a conflict became apparent during the sentencing hearing.

Vazquez has failed to demonstrate an actual conflict of interest in his counsel's joint representation. See United States v. Rico, 51 F.3d 495, 509 (5th Cir. 1995). Therefore, the district court did not err in allowing the same counsel to represent both Vazquez and his brother; neither did it err in not conducting a second hearing pursuant to FED. R. CRIM. P. 44(c). See United States v. Newell, 315 F.3d 510, 520 (5th Cir. 2002); United States v. Lyons, 703 F.2d 815, 820 (5th Cir. 1983).

AFFIRMED.