United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10609
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JEREMEY LAVRAY WHATLEY,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-180-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Jeremy Lavray Whatley appeals his guilty-plea conviction
of possession with intent to distribute more than fifty grams
of a substance containing crack cocaine, in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and his resulting 150-
month sentence.  He argues that the district court failed to
sufficiently state its reasons for his sentence, as required

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by 18 U.S.C. § 3553(c). He also contends that his Sixth Amendment rights were violated by the district court's application of a two-level offense level increase pursuant to U.S.S.G. § 2D1.1(b)(1) based upon a finding that he possessed a firearm in connection with a drug-trafficking offense. Finally, he argues that his trial counsel's failure to inform him of prior conflicts with the district court violated his Sixth Amendment right to counsel.

Whatley did not present the arguments that he makes to this court to the district court. His arguments are therefore subject to plain error review. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Because Whatley's sentence of 150 months of imprisonment fell within the guidelines range of imprisonment, and it exceeded 24 months of imprisonment, the district court was required to state in open court the reasons for its imposition of the particular sentence and the reason for imposing a sentence at a particular point within the range. 18 U.S.C. § 3553(c)(1). At the sentencing hearing the district court explicitly adopted the fact findings and conclusions set forth in the PSR. After hearing from Whatley, his family members, and defense counsel, and considering letters submitted on Whatley's behalf, the district court stated that persuasive

arguments had been presented, and that Whatley's case warranted a sentence in the middle of the guidelines range.  The district court also stated that a sentence in the middle of the guidelines range took into account the factors of § 3553(a).  Therefore, the district court complied with § 3553(c)(1) by stating the reasons for its imposition of the particular sentence and the reason for imposing a sentence at a particular point within the range.

Although Whatley contends that the district court's application of a two-level offense level increase pursuant to § 2D1.1(b)(1) violated his Sixth Amendment rights, he does not challenge the factual basis for the adjustment.  Additionally, Whatley was sentenced in May 2005, after United States v. Booker, 543 U.S. 220 (2005), was issued.  As the district court observed, Whatley was sentenced pursuant to the post-Booker, advisory guidelines scheme.  "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing."  Mares, 402 F.3d at 519.  It is a direct contradiction of Mares to contend, as Whatley does, that Booker prohibits a judge from finding facts used to enhance a sentence.  See United States  v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).  Moreover, facts relevant to

sentencing include relevant conduct under § 1B1.3, id., which includes the § 2D1.1(b)(1) weapons adjustment. See § 1B1.3(a). The district court therefore did not commit error, plain or otherwise, when it imposed a sentence within a properly calculated guidelines range based upon, inter alia, the district court's factual determination that Whatley possessed a weapon in connection with his drug-trafficking offense. See Alonzo, 435 F.3d at 553.

Finally, regarding Whatley's argument that his attorney failed to provide conflict-free representation, to establish a Sixth Amendment violation, Whatley, who raised no objection based on this issue in the district court, must show that an actual conflict of interest existed that affected his attorney's performance. See United States v. Lyons, 703 F.2d 815, 820 (5th Cir. 1983). Whatley fails to argue in a clear fashion that an actual conflict existed and that the conflict adversely affected his lawyer's performance. See United States v. Carr, 740 F.2d 339, 348 (5th Cir. 1984). His speculative claim is insufficient to warrant relief. See Lyons, 703 F.2d at 821.

The district court's judgment is AFFIRMED.