IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-10598
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMIRO MAGDALENO

Defendant-Appellant

Appeal from the United States District Court
for the Northen District of Texas
USDC No. 4:06-CR-204-4

Before JONES, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Ramiro Magdaleno appeals his guilty plea conviction for possession with intent to distribute more than 50 kilograms of marijuana and aiding and abetting. He argues that he was deprived of due process and his Sixth Amendment right to a jury trial because he was sentenced based on facts not admitted by him or found by a jury. Because Magdaleno did not raise this issue in the district court, review is limited to plain error. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003). Magdaleno has not shown any error, plain or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

otherwise, as this court has held that after United States v. Booker, 543 U.S. 220 (2005), the Sixth Amendment does not prevent a sentencing judge from finding all facts relevant to sentencing.  See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

Magdaleno avers that the district court reversibly erred in failing to sua sponte conduct a FED. R. CRIM. P. 44(c)(1)(B) & (2) hearing to determine whether a conflict of interest existed.  Magdaleno has failed to demonstrate an actual conflict of interest.  See United States v. Lyons, 703 F .2d 815, 820 (5th Cir. 1983).  Therefore, the district court did not err in failing to conduct a hearing pursuant to FED. R. CRIM. P. 44(c).  See id.  The judgment of the district court is AFFIRMED.