STATE EX REL. GEARHART ET AL. *v.* SMITH, SPECIAL
JUDGE, ETC. ET AL.

[No. 29,983. Filed November 29, 1960.]

*James E. Keating* and *Orville W. Nichols,* both of Knox, for relators.

*Paul Reed,* of Knox, for respondents.

LANDIS, J.—This is an original action for writ of prohibition asking that respondent judge be prohibited from taking any further action in a cause in which he was selected as special judge, for the reason that he failed to appear and qualify within ten days after his appointment as required by Rule 1-12 of this Court. Respondent has filed return to relators' petition.

In the cause pending before the lower court it appears that the plaintiffs filed motion for change of judge and after submission of a panel of three names, the parties struck off two names and the respondent judge was then appointed as special judge on February 19, 1960. Respondent did not appear and qualify until May 18, 1960. On June 22, 1960, respondent noted the filing of a proof of service of summons on the remaining defendant and upon the plaintiffs' filing of written interrogatories, ordered the defendants to file objections or answers thereto on or before August 29, and further ordered the defendants to answer the amended complaint on or before July 25, 1960, and set the cause for trial for November 7. Defendants-relators on July 13, 1960, appeared specially and moved to strike out the entries and orders of June 22 on the ground that respondent judge had no authority to make such entries as he had not qualified within the ten day period prescribed by Rule 1-12 for special judges to qualify. Defendants-relators also filed objections to respondent judge sitting as special judge in view of his failure to qualify within ten days.

The question here presented involves the construction of Rule 1-12 of this Court providing in part as follows:

"If a special judge selected by any of the means aforesaid shall not within ten days after his ap-

pointment appear and qualify, his failure so to do *shall revoke* his appointment and it shall be the duty of the presiding judge, or if there be none, the regular judge of the court, to select another as such special judge in the same manner as is herein provided for the original selection of the special judge." (Emphasis supplied.)

There does not appear to be any question but that defendants-relators timely raised the question of the authority of the special judge to serve upon his failure to qualify within ten days. The language of the above rule is explicit in stating the failure of the special judge to appear and qualify within ten days shall revoke the appointment, and it must necessarily be our conclusion that upon the timely raising of the question, that the respondent judge had no jurisdiction to entertain the proceedings further. The purpose of this ten-day provision within which special judges must appear and qualify was intended to expedite the selection of special judges and minimize the delay in taking of changes of venue. As we said in a recent case:[1]

".... This court should not by court decision enlarge the time fixed by our own rules for taking changes of venue and thereby further impede the wheels of justice. . . ."

The petition for writ of prohibition is sustained, and a permanent writ is ordered issued.

Bobbitt, C. J., and Achor and Arterburn, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 170 N. E. 2d 423.

1. *State ex rel. Goins and Logston* v. *Sommer, J., etc.* (1959), 239 Ind. 296, 300, 156 N. E. 2d 885, 887.