**David L. MILES, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 883 S 297.**

Supreme Court of Indiana.

Oct. 11, 1984.

Donald J. Stuckey, Grimm & Grimm P.C., Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, David L. Miles, was charged with committing the offense of murder and was convicted by a jury of the lesser included offense of voluntary manslaughter, a Class B felony, Ind.Code § 35–42–1–3 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a term of twenty years and now contends that the enhanced sentence is not supported by a sufficient statement of aggravating circumstances and is manifestly unreasonable.

Defendant has not included a transcript of the entire trial, but the evidence at the sentencing hearing shows that defendant killed the ten-year old victim by choking her with some clothing when he became frightened that she would tell her mother a story about defendant molesting her. At the sentencing hearing, the trial court considered the presentence report and heard comments from counsel for both sides about the aggravating and mitigating cir-

cumstances which were part of the record in this case.

The court enhanced the presumptive sentence of ten years by an additional ten years and gave the following statement of reasons:

"The Court finds mitigating circumstances in that there is evidence that the victim induced the offense.

"The Court finds as aggravating circumstances that:

"1. The age of the child was ten (10) years at the time of the commission of the crime.

"2. The defendant has a history of minor criminal activity, and although this minor criminal activity is not of the most serious nature, it does indicate a contempt for law.

"3. The defendant is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

"4. The defendant violated and cursed the body of the minor child after the commission of the crime, by placing his finger in her vagina.

"5. The defendant concealed the body of the victim and later disposed of the body of the victim in a creek.

"6. The defendant wrote letters to his wife two weeks prior to trial. These letters contained threats to her. Such threats indicate a state of mind of the defendant not consistent with rehabilitation or probation.

"7. The Court further finds that the imposition of a reduced sentence would denigrate the seriousness of the crime with which the defendant has been found guilty.

"The Court finds that the aggravating circumstances outweigh the mitigating circumstances and therefore sentences the defendant to the Department of Corrections for a period of twenty (20) years."

Defendant contends that the court's reasons consist of mere conclusions and general impressions and do not consist of specific facts which support the enhanced sentence.

He also contends that the court did not sufficiently explain why his record of prior misdemeanors is an aggravating circumstance. He finally argues that the court did not fully consider the mitigating circumstances of the crime. Defendant repeatedly stated that he had never intended to kill the victim. He explained that the victim was a frequent visitor to his house and on the day of the instant crime had become angry with him and started screaming, saying she would make up a story about him molesting her. He did not realize when he held his hand over her mouth and then stuffed some clothing in her mouth to stop her screaming that he had actually killed her.

■ It is firmly established that when the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served by that sentence. *Anderson v. State*, (1984) Ind., 466 N.E.2d 27; *Allen v. State*, (1983) Ind., 453 N.E.2d 1011; *Abercrombie v. State*, (1981) Ind., 417 N.E.2d 316. When a sentence is within statutory limits, this Court is not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Arnold v. State*, (1984) Ind., 460 N.E.2d 494.

■ Here the record shows that the court did consider the facts of the specific crime and of defendant's character. The court listed five specific circumstances of the crime and defendant's character as aggravating circumstances: the age of the victim; the abuse of the victim's body after the crime; the concealment and disposal of the body; defendant's prior criminal history; and defendant's threats to his wife two weeks prior to his trial. The court also listed two statutory aggravating circum-

stances: that defendant was, in need of correctional treatment; and that the imposition of a reduced sentence would denigrate the seriousness of the crime. It is clear that the court is not limited by the sentencing statute to factors which are specifically listed but may consider any facts of the specific crime and of the defendant's character which are relevant. Ind.Code § 35–38–1–7 (Burns 1984 Supp.). *McManus v. State*, (1982) Ind., 433 N.E.2d 775.

Here, the record does support the trial court's statement of the aggravating factors that are based upon the specific facts of the incident. The court sufficiently explained the reason that defendant's prior criminal history was an aggravating circumstance and gave explanations where needed to support other aggravating factors. It was within the court's discretion to find that the aggravating circumstances outweighed the mitigating circumstances sufficiently to support the enhanced sentence. The sentence is within the statutory limits and is supported by a sufficient statement of aggravating circumstances. We find no abuse of discretion in the sentences imposed.

Defendant finally argues that the twenty-year sentence is manifestly unreasonable under the circumstances of the case. We have already found that the court properly did consider seven aggravating circumstances here. Since the victim was a ten-year old child, defendant cannot claim that her actions at the start of the incident were mitigating circumstances. Adults are presumed to have sufficient control of their emotions to be responsible for the safety of children. In consideration of the circumstances in which the crime occurred and defendant's actions immediately after the crime, we cannot say the sentence is manifestly unreasonable. We find no error in the sentence imposed.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.