Ross K. RIDDLE, Appellant,

v.

STATE of Indiana, Appellee

No. 1284S484.

Supreme Court of Indiana.

April 23, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Petitioner, Ross K. Riddle, was convicted of Burglary, Rape, and Criminal Deviate Conduct, class B felonies, on September 10, 1978. On April 27, 1979, the trial court sentenced Petitioner to concurrent terms of twelve (12) years imprisonment for each conviction. The convictions were affirmed by this court in *Riddle v. State* (1980), 273 Ind. 112, 402 N.E.2d 958. Thereafter, Petitioner filed a Motion for Post-Conviction Relief which was denied. Petitioner now directly appeals this denial, alleging the sole issue that the post-conviction relief court failed to sufficiently articulate the aggravating circumstances upon which Petitioner's sentence enhancement was based.

On September 10, 1978, E.H., the victim, was sleeping on her couch when she was startled awake by a strange man, Petitioner, fondling her. Petitioner told the victim to be quiet and do as she was told or he would "smash her face in." The victim, extremely frightened, was then forced to perform oral sodomy and submit to sexual intercourse twice. Immediately after Petitioner left, the victim fled to a neighbor's residence and contacted the police.

At Petitioner's post-conviction hearing, the court conceded that he had not specifically articulated the aggravating circumstances he relied upon in imposing a sentence two years greater than the presumptive sentence. However, at the post-conviction hearing, the court proceeded to articulate his reasons. He indicated that the viciousness of Petitioner's threat to "smash" the victim's face and the fact that he raped the victim three times, were sufficient aggravating factors. Petitioner contends the court's reasons were insufficient to satisfy the statutory mandates of Ind. Code § 35-4.1-4-7 (Burns § 35-50-1A-7, repealed; for present provision see Ind. Code § 35-38-1-7). This statute has been held to require the entry of a detailed statement of the reasons for imposing an enhanced sentence. *Carman v. State* (1985), Ind., 473 N.E.2d 618.

Before addressing the fact that the court did sufficiently articulate his reasons for enhancing Petitioner's sentence, we note that this issue was waived by Petitioner when he failed to raise this issue on direct appeal. In *Carman v. State, supra,* we held that any error committed by the trial judge for having failed to recite reasons for imposing an enhanced sentence was not fundamental and was waived by the petitioner's failure to raise the issue in his direct appeal. The same situation arises in this case.

Petitioner had fully available to him the opportunity to raise this issue on direct appeal and failed to do so. Post-conviction relief is not open for the raising of issues available to Petitioner upon his original appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, *reh. denied.* Therefore, unless the error Petitioner now asserts rises to the level of fundamental error, which it does not, he has waived it.

Ind.Code § 35-38-1-7 specifically provides that in determining sentencing the court shall consider the nature and circumstances of the crime. Further, as the statute provides, the court is not limited to factors which are specifically listed therein,

but may consider any facts of the crimes and of the defendant's character which are relevant. *Miles v. State* (1984) Ind., 468 N.E.2d 1040. Petitioner's argument is that there is a total absence of aggravating factors in this case and that the trial court's recital of aggravating factors was a mere reiteration of the elements of the offenses of which he was convicted. However, a review of the record to determine the nature and circumstances of the crime committed and the character of the defendant indicates the threat of force was of a vicious nature, the victim was repeatedly raped, and although Defendant's prior record consisted of minor offenses, they were repeated often enough to show a disregard for the law. Fundamental error did not occur when the trial court failed to elucidate its reasons for enhancing Petitioner's sentence. Therefore, Petitioner waived this issue. Moreover, the trial court sufficiently stated aggravating reasons during the post-conviction hearing and did not merely reiterate elements of the offenses. The repeated rapes and the vicious threat were sufficient reasons for the trial court to enhance Petitioner's sentence. Accordingly, the trial court did not abuse its discretion by imposing an enhanced sentence and by denying Petitioner's request for post-conviction relief.

We finally note that Petitioner, in the event he prevailed on appeal, urged this Court to remand this case for imposition of the presumptive sentence of ten (10) years. However, when the trial court imposes a basic sentence prescribed by statute, regardless of whether the record includes a trial court's specific enumeration of any aggravating and mitigating factors, this Court presumes compliance with the governing statute. *Wilson v. State* (1984), Ind., 465 N.E.2d 717. Moreover, the proper remedy when a trial court has enhanced a sentence but has failed to articulate the aggravating circumstances is to remand the case to the trial court with instructions to set forth the reasons for imposing the sentence in a *nunc pro tunc* order. *White v. State* (1984), Ind., 460 N.E.2d 132, 136; *Frappier v. State* (1983), Ind., 448 N.E.2d

1188; *see also Judy v. State* (1981), 275 Ind. 145, 416 N.E.2d 95. When the trial court in this case articulated his reasons for imposing an aggravated sentence at the post-conviction hearing, he did what this Court would have ordered him to do upon remand. Petitioner is not entitled to any further relief.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.