Gary Wayne **TAYLOR**, Appellant
(Petitioner Below),

v.

**STATE** of Indiana, Appellee
(Respondent Below).

No. 485S180.

Supreme Court of Indiana.

May 20, 1987.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Gary Wayne Taylor was one of a group of youths accused of robbing and beating an elderly couple in their home near Bloomington. Taylor, age sixteen at the time of the crime, was waived from juvenile to criminal court. He was convicted of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and sentenced to 20 years imprisonment. His conviction was affirmed by this Court on direct appeal. *Taylor v. State* (1982), Ind., 438 N.E.2d 275, *cert. denied,* (1983), 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998.

Taylor now appeals the denial of his petition for post-conviction relief. He argues that the special judge who presided over the post-conviction proceeding improperly assumed jurisdiction. We agree and remand Taylor's petition to the post-conviction court for rehearing.

Taylor filed his *pro se* petition for post-conviction relief on December 6, 1983. Four days later, he requested a change of venue from the sentencing judge. Such a

motion must be granted as a matter of right if filed within ten days of the petition. Rule P.C. 1, § 4(b), Ind.Rules of Procedure for Post-Conviction Remedies. The court granted the motion on January 13, 1984 and named a panel of three judges. The defendant struck one judge from the panel on January 24, 1984. The following entry was made three days later:

> BE IT FURTHER REMEMBERED, that on the 27th day of January, 1984, Come now the State of Indiana and files Notice of Striking, (here insert), striking the Hon. Don Erdman; and the Honorable R.T. Green remains and is selected as Special Judge in this cause.

Judge Green appeared and qualified on February 21, 1984. Taylor filed his motion for revocation of special judge on March 8, contending that Judge Green's qualification was tardy and that he consequently did not have jurisdiction to hear the petition. The motion was denied without explanation.

The post-conviction rules provide the mechanism for selecting a special judge but do not address the procedure by which that judge assumes jurisdiction. The State does not dispute Taylor's assertion that Trial Rule 79(5), Ind.Rules of Procedure, applies in this case. It provides:

> If a special judge ... shall not within ten (10) days after his appointment appear and qualify, his failure so to do shall revoke his appointment and it shall be the duty of the presiding judge, or if there be none, the regular judge of the court, to select another as such special judge in the same manner as is herein provided for the original selection of the special judge.

When a party makes a timely objection to the jurisdiction of a special judge who has not qualified within ten days after his appointment, the subsequent acts of that judge are void. *State ex rel. Gearhart v. Smith* (1960), 241 Ind. 154, 170 N.E.2d 423. Inasmuch as Judge Green was appointed special judge on January 27, he had ten days thereafter to appear and qualify.[1] He

---

**1.** Effective yesterday, May 19, 1987, this Court has amended its rules to allow special judges   twenty days to qualify.

did not do so until February 21, fifteen days too late. Because Taylor timely objected to this delay, the special judge was without jurisdiction to conduct the post-conviction hearing.

The judgment of the post-conviction court is held void for want of jurisdiction and this cause is remanded for a new hearing on the merits.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.