**Leroy E. BARKER, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 885S334.

Supreme Court of Indiana.

June 10, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant Leroy E. Barker was found guilty by jury of Burglary, a class B felony, and Theft, a class D felony, on April 23, 1980. He was sentenced to concurrent terms of seventeen and four years, respectively. On October 14, 1982, this Court affirmed the conviction. *Barker v. State* (1982), Ind., 440 N.E.2d 664. Barker filed a *pro se* Petition for Post-Conviction Relief, which was denied. Barker di-

rectly appeals that denial, raising the following issues for our review:

1. effective assistance of trial counsel;

2. error by the post-conviction court in refusing to hear evidence concerning sufficiency of the evidence;

3. sufficiency of the trial court's statement of the aggravating factors used to enhance the presumptive sentences.

■ Before addressing the merits of these issues, we note that Barker has failed to preserve these issues by failing to raise them on direct appeal. Post-conviction relief is not open for the raising of issues available to a petitioner on his original appeal. *Riddle v. State* (1986), Ind., 491 N.E.2d 527, 528. Therefore, absent a showing of fundamental error, these issues are waived.

### I.

Barker first asserts his trial counsel was ineffective for failing to provide him a copy of the investigation report, failing to subpoena two witnesses, failing to request a continuance in order to better prepare for trial and for being ill prepared for the trial. Barker alleges the ineffective assistance of counsel violated his right to a fair trial. However, Barker has failed to demonstrate error. To establish a successful claim of ineffectiveness of counsel, a defendant must show, first, that his attorney's performance fell below minimal professional standards and, second, that counsel's poor performance harmed the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93, *U.S. reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864.

■ The decision to subpoena witnesses or to request a continuance is one of trial strategy, and will not be an indication of ineffective assistance of counsel absent an express showing to the contrary. *Little v. State* (1986), Ind., 501 N.E.2d 447, 449; *Harrison v. State* (1986), Ind., 496 N.E.2d 49, 53. Further, the witnesses Barker complains were not subpoenaed were his mother and sister. The record shows Barker was unaware of the nature of their testimo-

ny. Thus, Barker has failed to make the showing of incompetence and prejudice contemplated in *Strickland.*

### II.

■ Barker next contends the post-conviction court erred in refusing to hear evidence on his sufficiency of the evidence issue. Barker asserts that sufficiency of the evidence is an issue of material fact that requires the court to hear evidence before determining the issue is waived. A hearing is required when an issue of material fact is raised even if it is unlikely the petitioner will produce evidence sufficient to establish the claim. However, when the petition conclusively demonstrates the petitioner is entitled to no relief a hearing is not required and the petition may be denied without further proceedings. *Albright v. State,* (1984) Ind., 463 N.E.2d 270, 272. Barker asserts that the issue should not have been waived. However, he fails to support the assertion with facts from the record.

■ Barker further argues the evidence was insufficient to connect him with the crimes and that the State failed to present evidence to prove the existence of the requisite intent. Our review of the record shows that on August 5, 1979, Barker broke into an Indianapolis home. He removed two glass panels from the back door to gain entry by reaching through the door and unlocking it from the inside. He ransacked the house and then removed many items of personal property, including assorted jewelry and a stereo component set. Thus, the evidence presented at trial was sufficient to support the convictions. The petition demonstrates Barker was entitled to no relief and thus, a hearing was not required.

### III.

Finally, Barker complains that the sentencing judge inadequately explained his reasons for enhancing the sentences. Barker believes his case should be remanded for resentencing to the presumptive sen-

tences of ten years for burglary and two years for theft.

 A trial court may increase a presumptive sentence if the court finds aggravating circumstances to justify the enhanced penalty. Ind.Code Ann. § 35–50–2–5 (Burns 1985); Ind.Code Ann. § 35–50–2–7 (Burns 1985). The trial court is vested with wide discretion to determine whether a presumptive sentence should be enhanced because of aggravating factors. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1072; *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. A statement of the facts which are peculiar to the particular defendant and the crime must be included so that a reviewing court can determine if the trial court has abused its discretion. *Page v. State,* (1981), Ind., 424 N.E.2d 1021, 1022. A mere recital of the statutory factors is not sufficient as a defendant must be told the reasons why the Court decided to enhance the statutory presumptive term. *Green v. State,* (1981), Ind., 424 N.E.2d 1014, 1015. Any error committed by the trial judge for having failed to recite reasons for imposing an enhanced sentence is not fundamental and is waived by the petitioner's failure to raise the issue in his direct appeal. *Riddle,* 491 N.E.2d at 528.

 Barker argues the trial judge inadequately explained his reasons for enhancing the sentences. However, a review of the record shows that the judge acted properly. The aggravating factors specified by the trial judge include (1) a long history of violent criminal activity for a young person; (2) a need for correctional treatment best provided in a penal institution; (3) a need to remove the defendant from society until he matures and becomes more calm; (4) that a reduced sentence would tend to depreciate the seriousness of the crime; (5) that other charges were pending against the defendant; and (6) the likelihood that criminal behavior will continue. The trial court sufficiently stated aggravating reasons during the hearing and did not merely reiterate elements of the offenses. The record supports the court's findings. The reasons stated are sufficient indications that Barker was in need of an enhanced sentence. Accordingly, the trial court did not abuse its discretion by imposing the enhanced sentences.

The post-conviction court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.