James H. KINDRED,
Petitioner–Appellant,

v.

STATE of Indiana,
Respondent–Appellee.

No. 55A01–8703–PC–63.

Court of Appeals of Indiana,
First District.

Oct. 21, 1987.
Rehearing Denied Dec. 8, 1987.

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James Kindred appeals the denial of his petition for post-conviction relief based on laches and also asserts lack of jurisdiction of the special judge and error in not striking the State's answer. We affirm.

## FACTS

In May, 1968, James Kindred was convicted in separate bench trials of theft and forgery. Kindred was sentenced to one (1) to five (5) years for theft and two (2) to fourteen (14) years for forgery. The cases were consolidated for appeal, and the Supreme Court of Indiana affirmed both convictions.

On May 24, 1984, Kindred filed a pro se petition for post-conviction relief (PCR) alleging that he had never waived his right to a jury trial and that he had been denied his constitutional right to effective assistance of counsel. On June 25, 1984, Kindred moved for leave to amend the petition. Before Kindred filed an amended PCR petition, he filed a motion for default based on the State's failure to answer his original petition. On May 15, 1985, the court denied Kindred's motion for default and ordered the State to file its answer thirty (30) days after Kindred filed an amended PCR petition. Thereafter, Kindred moved to strike the affirmative defense of laches from the State's answer, and the court denied that motion.

A special judge had been appointed in this case on July 2, 1984, but on December 19, 1985, the judge disqualified himself based on Kindred's claim that the judge had failed to appear and qualify within ten (10) days pursuant to Indiana Rules of Procedure, Trial Rule 79(5). A second special judge was appointed on February 4, 1986, but did not appear in this case until April 25, 1986. In April, May, and June, 1986, the second special judge ruled on several motions by both Kindred and the State. On June 24, 1986, Kindred filed an objection to the jurisdiction of the second special judge and moved to disqualify him. The court denied the motion to disqualify and also denied Kindred's renewed motion to strike the State's laches defense.

On September 19, 1986, the court conducted an evidentiary hearing on Kindred's PCR petition. The State presented evidence that two important witnesses in Kindred's 1968 trials had died and that other witnesses were unavailable. Further, the State showed that many of the prosecutor's records had been destroyed. The court denied Kindred's PCR petition on September 29, 1986, finding that Kindred's sixteen (16) year delay in filing for post-conviction relief was unreasonable, particularly in light of his experience with the legal system during the interim. The court also noted that the State's ability to reprosecute Kindred was hampered due to the delay. Kindred now appeals the denial of his PCR petition.

## ISSUES

1. Did the post-conviction court err in assuming jurisdiction when the special judge who presided over the post-conviction proceedings failed to appear and qualify within the time prescribed by T.R. 79(5)?

2. Did the post-conviction court err in denying petitioner's motion to strike the affirmative defense of laches from the State's answer?

3. Did the post-conviction court err in finding that the State sufficiently established laches as an affirmative defense to Kindred's petition for post-conviction relief?

### DISCUSSION AND DECISION

*Issue One*

 The first special judge appointed in this post-conviction proceeding disqualified himself on December 19, 1985, based on the petitioner's objection to jurisdiction. Thereafter, a second special judge was appointed on February 4, 1986, but did not appear in the case until April 25, 1986. During April, May, and June, 1986, both parties received rulings from the special judge on various motions, and on June 24, 1986, Kindred moved to disqualify the second special judge. Kindred claimed that under the express terms of T.R. 79(5), the special judge's failure to appear and qualify within ten (10) days after appointment automatically operated to revoke the appointment as special judge. T.R. 79(5) provides:

> "If a special judge selected by any of the means aforesaid shall not within ten [10] days after his appointment appear and qualify, his failure so to do shall revoke his appointment and it shall be the duty of the presiding judge, or if there be none, the regular judge of the court, to select another as such special judge in the same manner as is herein provided for the original selection of the special judge."

As Judge Staton noted in his dissenting opinion in *Otte v. Tessman* (1980), Ind. App., 412 N.E.2d 1223, 1232 (Staton, J., dissenting), *vacated and remanded,* (1981) Ind., 426 N.E.2d 660, parties have a right to expect trial courts to follow the Indiana Rules of Procedure, and the clear meaning of the rules cannot be rewritten by judicial opinion. The trial court in *Otte* effectively had denied a party notice of a summary judgment hearing contrary to the requirements of Trial Rule 56. In contrast, the case at bar concerns the appointment of a special judge. The ten (10) day provision within which a special judge must appear and qualify was intended to expedite the selection of special judges and minimize delay of trial. *State v. Smith* (1960), 241 Ind. 154, 156, 170 N.E.2d 423, 424. When a party timely raises the question of authority of a special judge and the judge has failed to appear and qualify within ten (10) days, it is clear that the judge has no jurisdiction to proceed further in that case. *Id.* However, even where the selection of a special judge is improper, objections to jurisdiction are waived if not timely raised. In *Marts v. State* (1982), Ind., 432 N.E.2d 18, our supreme court held that the defendant acquiesced in any irregularity in selection of a special judge where the defendant had submitted himself to the jurisdiction of that judge by obtaining rulings on motions.

In the case at bar, petitioner did not object to the jurisdiction of the special judge for 4½ months after appointment. Furthermore, Kindred clearly acquiesced in any irregularity when he submitted to the jurisdiction of the second special judge by obtaining rulings on his motions. Kindred's objection to the jurisdiction of the special judge was not timely raised and was, therefore, waived. The special judge properly denied Kindred's motion to disqualify.

*Issue Two*

 Petitioner contends also that the special judge erred in denying his motion to strike the State's answer to his amended PCR petition. Kindred filed his original PCR petition on May 24, 1984, and on June 25, 1984, he moved for leave to amend. The record shows that when the prosecutor appeared before the court on an unrelated matter, the judge stated that the State could wait to file a response until Kindred filed an amended petition. Before amending the petition, however, petitioner moved for a default judgment. The special judge denied the motion and directed the State to respond within thirty (30) days after Kindred filed his amended petition. The State timely filed its answer, raising laches as an

affirmative defense. Thereafter, Kindred's motion to strike the answer was denied.

Granting a default is within the discretion of the court and is reviewable only for abuse. *Likens v. State* (1978), 177 Ind. App. 101, 103, 378 N.E.2d 24, 26. The special judge in the case at bar acted within his discretion in denying Kindred's motion for default. Although the state had not responded at the time of the default motion, petitioner's pleadings also were incomplete in that he had moved for leave to file an amended petition, but had not yet filed it. The State properly filed its answer as directed by the court within thirty (30) days after Kindred filed his amended petition. In light of these facts, denial of petitioner's default motion was not an abuse of discretion.

Furthermore, the court did not err in denying Kindred's motion to strike the State's answer. In *Murphy v. State* (1985), Ind., 477 N.E.2d 266, our supreme court found no error where a post-conviction court denied the petitioner's motion to strike the State's untimely answer. The court noted that the State adequately explained the reason for delay and that there was no surprise to the petitioner due to the late filing. *Id.* at 270. In this case, the record shows that the State discussed the reason for delay with the special judge and that the State did file its response within the time allowed by the court. Kindred was fairly apprised of the State's laches defense, and therefore, the purpose of requiring an answer was satisfied. *See Williams v. State* (1986), Ind.App., 489 N.E.2d 594; *Likens, supra.* There was no error in denying petitioner's motion to strike the affirmative defense of laches from the State's answer.

*Issue Three*

 Finally, petitioner claims that the post-conviction court erred in finding that the State sufficiently established laches as an affirmative defense. Laches operates as an affirmative defense to a petition for post-conviction relief when the evidence shows that the petitioner unreasonably delayed seeking post-conviction relief and that the State has been prejudiced by the delay. *Lacy v. State* (1986), Ind., 491 N.E.2d 520, 521. The burden of proving laches rests entirely on the State, and it must be proven by a preponderance of the evidence. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 711–12. The appropriate standard of review on appeal is the sufficiency of the evidence. *Gregory v. State* (1986), Ind., 487 N.E.2d 156, 158. We will neither reweigh the evidence nor reevaluate the credibility of witnesses; we will consider only the evidence most favorable to the judgment and all reasonable inferences therefrom. *Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379, 1381, *trans. denied.*

In this case, the State presented sufficient evidence that Kindred unreasonably delayed filing for post-conviction relief. Kindred was convicted of theft and forgery in 1968, and the convictions were affirmed by our supreme court on appeal. Although lapse of time does not in and of itself constitute laches, a long delay in filing for post-conviction relief may be sufficient to infer that the delay was unreasonable. *Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173, 1176, *trans. denied.* In *Wilburn,* this court found a six (6) year delay to be unreasonable where the petitioner was incarcerated during the interim and therefore had adequate opportunity to inquire about his rights and remedies. Knowledge imputed by inquiry notice alone, however, is insufficient to show unreasonable delay under circumstances permitting diligence. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 844. Implying knowledge by operation of law is incompatible with the equitable doctrine of laches, which must be based on a showing of conscious indifference. *Id.* A factfinder may infer knowledge from facts such as repeated contacts with the criminal justice system, consultation with attorneys, and incarceration in a penal institution with legal facilities. *Id.* at 845. Kindred delayed sixteen (16) years in filing for post-conviction relief, and during the interim Kindred had extensive contacts with the legal system. The trial court stated in pertinent part:

"10. The State, by its evidence at the hearing, shows the following:

. . . . .

J. Kindred worked for Joe Barker, a Martinsville attorney, doing legal research as a lay person.

K. Kindred represented to the Morgan Superior Court in September of 1984 that:

(1) he had ten years of experience as a paralegal, having participated in over 300 adversary proceedings;

(2) he had served as a paralegal liaison with the State Public Defender's Office, Legal Services Organization of Indianapolis and the American Civil Liberties Union;

(3) he had five years experience in preparing briefs for the United States District Court and Seventh Circuit Court of Appeals....

"The delay in advancing this claim is 18 [sic] years. The number of years should suffice to show an unreasonable delay, but when joined by Kindred's legal knowledge for the last ten years of that 18 [sic] years, and the resultant prejudice to the State's ability to garner a prosecution, there can be no question that the delay is totally unreasonable.

"Although the law will not permit an assumption that each of our nation's citizens is cognizant of the fundamental constitutional right to trial by jury, neither can it permit the master of the writ room to postpone his delayed attack on the lack of an affirmative waiver reflected in the court records after 18 [sic] years where such length of time has produced what human experience would anticipate, deceased witnesses and diminished and depleted memory."

Record at 268–71.

These findings show that the trial court did not rely solely on inquiry notice as evidence of unreasonable delay. There clearly was sufficient evidence for the trial court to find that Kindred unreasonably delayed filing for post-conviction relief under circumstances permitting diligence.

In order to establish laches, the State must also present sufficient evidence of prejudice resulting from the petitioner's unreasonable delay. *Lacy*, at 521. Prejudice may occur in litigation merely by the passage of time since witnesses are dispersed, memories fade, and records are lost. *Wilburn*, at 1176. In this case, the State presented evidence that two key witnesses in Kindred's 1968 trials had died and that other witnesses had moved away or could not recall the facts concerning the theft and forgery. Further, many of the prosecutor's files and records had been destroyed. Petitioner claims that the State could reprosecute using transcripts of testimony from the 1968 bench trials, but such testimony would not be nearly as effective as the original live witnesses. The State has presented sufficient evidence of prejudice resulting from petitioner's unreasonable delay to establish the affirmative defense of laches.

■ Finally, we note that Kindred's claim that he did not voluntarily waive jury trial was an issue available in his direct appeals. A petitioner may not raise an issue in a PCR petition which was available, but not raised, on direct appeal. *Barker v. State* (1987), Ind., 508 N.E.2d 795. Since Kindred did not raise this issue on direct appeal, he waived it for the purpose of post-conviction relief.

Judgment affirmed.

NEAL and STATON, JJ., concur.