Tony Gene WILLIAMS,
Petitioner–Appellant,

v.

STATE of Indiana,
Respondent–Appellee.

No. 04A03–8802–PC–36.

Court of Appeals of Indiana,
Third District.

Nov. 2, 1988.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

1. Indiana Code section 35–42–5–1.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Tony Gene Williams appeals the denial of his petition for post-conviction relief contending, *inter alia,* he was denied effective assistance of counsel. We agree and reverse on this issue.

## FACTS

Williams and one James Taylor were charged with robbery, a class A felony.[1] Both pleaded not guilty and the same attorney was appointed to represent both of them. Jury trial was waived and the joint trial of Williams and Taylor was set for May 31, 1978. On the day of trial, Taylor, still represented by the same lawyer, pleaded guilty to a lesser charge of attempted theft, a class D felony, pursuant to a plea bargain.[2] At the guilty plea hearing, Taylor gave a factual statement implicating Williams in the robbery. According to Taylor, he knew Williams had a gun, but did not know of the robbery until after it had taken place. However, Taylor did drive the car away from the scene of the robbery.

Williams then proceeded to trial before the same judge, still represented by the same attorney who had represented Taylor on his guilty plea. Williams was convicted of robbery. His conviction and sentence were affirmed on appeal. *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149.

Sentencing hearings were held for both Taylor and Williams on June 15, 1978. At Taylor's sentencing, counsel argued that Taylor was less culpable than Williams in that Taylor did not participate in the actual act of robbery but merely drove the getaway car. Counsel further asserted that Taylor's involvement was the result of his having associated with another person who was potentially dangerous. Counsel contended Taylor was entitled to leniency because of his minimal involvement. Taylor received a sentence of four (4) years.

At Williams's sentencing, counsel argued against enhancement of the presumptive

2. Indiana Code section 35–43–4–2 defines the crime of theft. Indiana Code section 35–41–5–1 defines attempt.

thirty (30) year sentence for a class A felony and suggested a twenty (20) year sentence. Williams was sentenced to forty (40) years.

In his petition for post-conviction relief, Williams claims ineffective assistance of counsel because of the conflict of interest of his attorney, and also asserts his waiver of jury trial was not knowing, intelligent, and voluntary, and that his decision to testify was not knowing, intelligent, and voluntary. Because we reverse on the ineffective assistance of counsel issue, we do not address the other questions raised by Williams.

## ISSUE

Was Williams denied effective assistance of counsel by reason of the conflict of interest of his attorney who also represented the co-defendant Taylor and argued for leniency for Taylor because Williams was more culpable?

## DISCUSSION AND DECISION

The right of a defendant in a criminal case to the effective assistance of counsel is guaranteed by the Sixth Amendment to the Constitution of the United States. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Included within the Sixth Amendment is the right to representation by an attorney who does not owe conflicting duties to other defendants. *Holloway v. Arkansas* (1978), 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426; *Tate v. State* (1987), Ind.App., 515 N.E.2d 1145. However, joint representation of co-defendants is not *per se* violative of the constitutional guarantee of effective assistance of counsel. *Holloway*, 435 U.S. at 482, 98 S.Ct. at 1178, 55 L.Ed.2d at 433. Thus, not every case of joint representation amounts to ineffective assistance. A defendant, such as Williams, who raised no objection at trial to joint representation must demonstrate that an actual conflict of interest adversely effected his lawyer's performance. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333; *Tate,* 515 N.E.2d at 1147.

Prior to determining whether Williams's attorney's performance was adversely affected by a conflict of interest thereby denying Williams effective assistance of counsel, we must determine whether this issue has been waived. Williams did not raise the issue of ineffective assistance of counsel in his direct appeal. *See Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149. Failure to raise the issue of inadequacy of counsel on appeal generally waives that issue for post-conviction relief purposes, *Metcalf v. State* (1983), Ind., 451 N.E.2d 321; *Hollenquest v. State* (1982), Ind., 432 N.E.2d 37, unless the issue rises to the level of fundamental error. *Barker v. State* (1987), Ind., 508 N.E.2d 795. In *Metcalf* despite the waiver for failure to raise the issue of ineffective counsel on direct appeal, our supreme court reviewed such claims because "the alleged examples of ineffectiveness of counsel are also involved in Appellant's fundamental error claim...." 451 N.E.2d at 323. Fundamental error is demonstrated where the existence of an actual conflict precluding counsel's undivided loyalty is shown plainly. *Armstrong v. People* (1985), Colo., 701 P.2d 17; Williams's claim of ineffective assistance based on his lawyer's conflict of interest meets the fundamental error test and was not waived by his failure to raise the issue in his direct appeal.

Our next consideration is whether Williams's attorney had an actual conflict of interest which adversely affected his performance. It is abundantly clear that he did.

Where an actual conflict of interest exists between defendants, the same attorney's active representation of both necessarily will result in impairing his performance as to at least one defendant. *Tate,* 515 N.E.2d at 1148. Conflict of interest occurs whenever one defendant stands to gain significantly by counsel advancing plausible arguments that are damaging to a co-defendant whom counsel also is representing. *United States v. Lyons* (5th Cir. 1983), 703 F.2d 815; *Barclay v. Wainwright* (1984), Fla., 444 So.2d 956. Where there are markedly different degrees of

relative culpability between co-defendants, there is a likelihood of conflict of interest. *Parker v. Parratt* (8th Cir.1981), 662 F.2d 479, *cert. denied* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91.

In this case, counsel negotiated a plea to a reduced charge on behalf of Taylor. At the guilty plea hearing, Taylor gave a factual statement implicating Williams in the robbery and placing the gun in Williams's hand. At sentencing, counsel argued for leniency because Taylor's participation in the robbery was minimal because, unlike Williams, Taylor did not partake in the actual robbery and did not flee the scene. Counsel attempted to excuse Taylor's conduct on the ground that he got into this situation with another man who potentially was much more dangerous.

*Tate* involved stealing groceries from a grocery store. The cashier identified Tate as the person who removed the groceries from the store. On the other hand, Tate testified he left the store empty-handed and met Mitchell who had a cart full of groceries in the parking lot. Thus, Tate attempted to exculpate himself by pointing the finger of guilt at Mitchell, whereas Mitchell's best defense was that the cashier's testimony was correct. This court, in *Tate*, found an actual conflict of interest which adversely affected counsel's performance and granted a new trial.

A case yet closer in fact is *United States ex rel. Zembowski v. DeRobertis* (N.D.Ill.E.D.1984), 598 F.Supp. 914. There, counsel argued that Zembowski was the "major malefactor", and cast co-defendant Thomas as a helpless victim led astray by Zembowski. The District Court found an actual conflict which worked against Zembowski's interest such that the joint representation there offended the Sixth Amendment guarantee of representation free from conflicts of interest.

■ Here, there was an actual conflict. When counsel knew Taylor would plead guilty to a lesser charge and inculpate Williams as the actual perpetrator of the robbery, counsel also had to realize his duty to Taylor required him to argue for leniency because of Taylor's minimal in-volvement and that Williams was the real culprit. At this point, any possibility of effective representation of Williams by the same counsel vanished. There was an actual conflict of interest which adversely affected counsel's performance as to Williams. Prejudice is presumed in such case. *Strickland* 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d 696; *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333; *Tate* 515 N.E.2d at 1150–51.

■ Joint representation of co-defendants in a criminal case is fraught with danger. This case amply demonstrates the danger. While the same counsel properly may represent co-defendants so long as their defenses are identical, at the first divergence of interests of the co-defendants, separate counsel is required. Immediately upon knowing that Taylor would plead guilty and implicate Williams, and that proper representation of Taylor would require counsel to argue for a reduced sentence for Taylor because of William's greater culpability, counsel no longer could represent Williams effectively and should have withdrawn as to Williams. The actual and obvious conflict of interest presented by these facts had to impact adversely upon the continued representation of Williams by the same attorney. There being both an actual conflict of interest and adversely affected performance, prejudice is presumed, and Williams was denied his Sixth Amendment guarantee of effective assistance of counsel unencumbered by any conflict of interest or divided loyalty. Therefore, Williams is entitled to a new trial.

Judgment reversed and cause remanded with instructions to grant Williams a new trial.

STATON, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. The alleged conflicts in the present case did not occur at the most crucial point in the proceedings,

the trial. Further, they did not rise to the level of those apparent in *Zembowski, supra,* and *Tate, supra.*

Taylor and Williams were scheduled for a bench trial on May 31, 1978. On the morning of the trial, Taylor entered into a plea agreement with the State. The State recommended dismissal of Taylor's armed robbery charge in exchange for a guilty plea to attempted theft. The factual basis for Taylor's guilty plea revealed only that Taylor was aware that Williams had a gun in his possession prior to stopping at the gas station. While Taylor was using the restroom, Williams robbed and injured the gas station attendant. Taylor drove the car from the scene, then Williams told Taylor about the robbery.

The evidence presented at Williams' trial unequivocally established that Williams entered the gas station and aimed the gun at the attendant. Williams hit the attendant several times with the gun during the course of the robbery. The witnesses at trial corroborated Taylor's version of the incident as it was related at Taylor's guilty plea hearing. However, Taylor did not testify at Williams' trial. Williams did testify in his own behalf and admitted striking the attendant and taking money.

It is difficult to perceive of any conflict in the representation when the parties and the witnesses all agree in substance to the course of events. Additionally, Taylor's guilty plea hearing and Williams' bench trial were separate proceedings. Counsel was free to offer any evidence or argument to benefit Williams at Williams' trial. Further, the case was tried before the court without the intervention of a jury; thus, it is presumed that the court considered only properly admissible evidence in arriving at a decision. *See, Matter of Adoption of Thomas* (1982), Ind.App., 431 N.E.2d 506, 510. Williams makes no showing to rebut that presumption.

Any appearance of a conflict arose at the sentencing hearing when counsel stated that Taylor was a follower and got into the situation with another man who was potentially more dangerous. The court found that the aggravating circumstances far outweighed the mitigating circumstances and enhanced Taylor's sentence to the maximum allowed for attempted theft.

At Williams' sentencing a pre-sentence investigation report and a diagnostic evaluation together with Williams' prior criminal history revealed Williams' potential volitility. On the basis of that information the court determined that the sentence should be enhanced for Williams also. Williams did not receive the maximum sentence. Although somewhat out of the ordinary, counsel's statement of the obvious at Taylor's sentencing did not affect Williams' term of imprisonment; thus, the statement was not prejudicial.

Accordingly, I would vote to affirm the denial of Williams' petition for post-conviction relief.