Jacqueline **LATTA**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 46A03–9811–PC–478.**

Court of Appeals of Indiana.

Jan. 24, 2000.

Transfer Granted March 29, 2000.

---

Susan K. Capenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Petitioner, Jacqueline Latta ("Latta") appeals the post-conviction court's denial of her petition for relief from her conviction of murder.[1]

We reverse and remand for new trial.

### ISSUE

Latta raises nine issues on appeal. However, we find one issue dispositive:[2] whether Latta was denied effective assistance at trial due to an actual conflict of interest.

### FACTS AND PROCEDURAL HISTORY

Latta and her husband, Roger Latta (Roger), lived with their two-year-old son, Brad, in Hanna, Indiana. During the evening of February 14 and the early morning hours of February 15, 1989, the house burned. Brad died in his bed because of the fire. Roger and Latta managed to escape from the burning house.

Investigators from the sheriff's department, fire department and a private insurance company concluded that the fire was set by the intentional pouring of a liquid accelerant on the floor of the kitchen, the living room, and Brad's bedroom.

Roger and Latta were charged with murder. They hired private counsel, Earl Studtman ("Studtman"), to represent them both to pursue the joint defense that the fire was the result of an electrical fire that originated in the attic. Studtman requested funds from the trial court to obtain expert witnesses to assist in preparing their defense. This motion was denied.

On June 26, 1989, defense counsel moved for separate trials of Latta and Roger. The trial court denied the Motion for Separate Trials, finding "that the defendant is not entitled to a separate trial as a matter of right merely because the issues of proof are substantially different, that a conspiracy or accessory have [sic] not been raised as issues in the information." (R. 60). A joint trial by jury began on March 6, 1990.

In preparation for trial, Studtman taped a visual sequence of the crime scene and provided oral narration. During the trial, the State moved for a mistrial due to a conflict of interest. In the State's motion for a mistrial, Prosecutor Duerring stated:

> So, first two grounds for the Motion for Mistrial is, one, that he [Studtman] has become a necessary witness in this case which will require him to withdraw. Two, that his involvement in the video tape is interfering or apparently interfering with the independent professional judgment in the case foreclosing the course of action at one time they thought were necessary. The third grounds for my Motion for Mistrial is that, . . .
>
> The testimony yesterday of Sergeant Boyd, again, in my opinion, clearly implicates one of the Defendants much greater than the other Defendant. I don't know how at this stage of the development of the trial that Mr. Studtman can

---

1. Latta's Petition For· Oral Argument is hereby denied.

2. Latta and her co-defendant, Roger Latta, pursued a joint direct appeal. We affirmed their convictions in a memorandum decision. *Latta v. State,* No. 46A04–9007–CR–328, 581 N.E.2d 470 (Ind.Ct.App.1991).

continue to represent the best interest of both clients when one begins to be more clearly implicated than the other . . .

(R. 1782–1784). The State expressed concern that defense counsel's ability to represent each defendant was adversely affected by his duty to both. The State's motion was in part based on testimony by Sergeant Boyd that Latta partially confessed to starting the fire.

 The trial court interviewed both Latta and Roger regarding the potential conflict of interest resulting from the admission of the videotape. The following colloquy ensued:

THE COURT: Mr. Latta, could I ask you a couple of questions?

MR. LATTA: Yes, Your Honor.

THE COURT: Did you and Mr. Studtman talk about representation of both of you and your wife, Mrs. Latta?

MR. LATTA: Yes, sir. He said if there's no conflict—what is that—

THE COURT: Of Interest?

MR. LATTA:—interest, there would be no problem in him representing both of us.

THE COURT: All right. Mrs. Latta are you of the—do you have the same answers to those questions?

MRS. LATTA: Yes, I do.

THE COURT: In your discussions, did you talk about any risk that could be involved in joint representation?

MRS. LATTA: Yes, we did.

THE COURT: Okay. And I understand from Mr. Studtman that both of you want him to represent you?

MRS. LATTA: Yes, that's correct.

(R. 1806). The trial court subsequently denied the State's motion for a mistrial.[3]

After a jury trial, Roger and Latta were each found guilty of murder and sentenced to the Indiana Department of Correction for fifty years.

Roger and Latta brought a joint direct appeal and hired Studtman to represent them. On direct appeal, we concluded that: (1) the motion to suppress the pretrial statements was properly denied; (2) the search of the home to gather evidence of criminal activity after the fire had been put out was illegal, however the admission of the evidence obtained pursuant to an illegal search did not require reversal of a conviction because the admission was harmless beyond a reasonable doubt; (3) there was sufficient evidence of murder; (4) the trial court did not abuse its discretion in refusing to admit photos based on relevancy of the attic taken five months after the fire; (5) the trial court did not abuse its discretion in denying defense's motion for a mistrial;[4] (6) failure to object

---

3. We do not find that the court's questioning of Latta waived the issue of a conflict of interest. Trial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment right to counsel. *Hanna v. State*, 714 N.E.2d 1162, 1166 (Ind. Ct.App.1999), *trans. denied*. A defendant waives a conflict when the defendant makes an informed and intelligent waiver of her right to be represented by conflict free counsel. *Id.* On being questioned by the court, Roger stated that Studtman informed him that no conflict existed. Latta then merely agreed with Roger's statement that Studtman stated that no conflict existed. The trial court's questioning of Latta does not provide a sufficient basis for determining that Latta made an informed and intelligent waiver of her right to be represented by conflict-free counsel.

4. The record reflects that this court's ruling on this issue contained an error. The Motion for Mistrial was at the instance of the State and not the defense. This court's analysis of the issue was:

The State deposed defense counsel concerning a videotape of the scene which he had taken. The deposition was not admitted at trial, and the jury was not informed of the fact a deposition had been taken. Defense counsel was not obligated to become a witness at the trial. The Lattas [Latta and Roger] have not shown how the deposition prejudiced the verdict. The trial court did not err by denying the motion for mistrial. *Latta*, slip op. at 12–13, 581 N.E.2d 470.

during trial to the trial court's treatment of jury questions waived any subsequent appeal of the trial court's treatment of the issue; and (7) the container of charcoal lighter fluid was properly admitted. We affirmed the conviction and sentencing.

On April 10, 1992, Latta filed a Petition for Post–Conviction relief. The petition for relief was amended on September 30, 1996, April 10, 1997, and May 19, 1997. The State filed answers on April 29, 1992, and February 26, 1997. On October 8, 1998, the petition was denied. On November 6, 1998, the Praecipe was filed, and this appeal followed.

## DISCUSSION AND DECISION

### I. Standard of Review

Latta appeals from a negative judgment by the trial court on her motion for post-conviction relief. A post-conviction petition under Ind. Post–Conviction Rule 1 is a quasi-civil remedy, and as such, the petitioner bears the burden of proving by a preponderance of the evidence that she is entitled to relief. *Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); Ind. Post–Conviction Rule 1(5). Latta must now convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Harrison v. State,* 707 N.E.2d 767, 773 (Ind.1999), *reh'g denied.* Specifically, in cases of alleged ineffective assistance of counsel, the proper standard to be applied by the post-conviction court is whether, considering the alleged deficiency, the ultimate result was fundamentally unfair or unreasonable. *Games v. State,* 690 N.E.2d 211, 214 (Ind. 1997), *cert. denied,* 525 U.S. 838, 119 S.Ct. 98, 142 L.Ed.2d 78. Moreover, when the petitioner has already been afforded the benefit of a direct appeal, post-conviction relief contemplates a rather small window for further review. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995).

### II. Conflict of Interest.

Latta alleges that she was denied effective assistance of counsel due to an actual conflict of interest resulting from her counsel's joint representation of both defendants.

The Sixth Amendment to the Constitution of the United States guarantees the right of a defendant in a criminal case to the effective assistance of counsel. *Williams v. State,* 529 N.E.2d 1313, 1315 (Ind.Ct.App.1987) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Included within the Sixth Amendment is the right to representation by an attorney who does not owe conflicting duties to other defendants. *Id.* (citing *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)). However, joint representation of criminal defendants is not a *per se* violation of the right to effective assistance of counsel. *Mullins v. State,* 523 N.E.2d 419, 422 (Ind. 1988) (citing *Carpenter v. State,* 501 N.E.2d 1067 (Ind.1986)).

In order to obtain a new trial, Latta must show that her trial counsel had an actual conflict of interest and that the conflict adversely affected counsel's performance. *Sada v. State,* 706 N.E.2d 192, 199 (Ind.Ct.App.1999). Because Latta did not object to the joint representation at trial, she must show that the joint representation resulted in actual prejudice. *Id.* (citing *Gray v. State,* 579 N.E.2d 605, 607 (Ind.1991)). Thus, Latta must show that (1) an actual conflict of interest existed, (2) that it adversely affected her counsel's performance, and (3) that she was prejudiced by the affect of the conflict on her counsel's performance.

### A. Actual Conflict

An actual conflict arises during joint representation when there is a divergence of interests between the defendants. *Holleman v. State,* 641 N.E.2d 638, 640 (Ind.Ct.App.1994); *Tate v. State,* 515 N.E.2d 1145, 1147 (Ind.Ct.App.1987); *See*

*also U.S. v. Lyons,* 703 F.2d 815 (5th Cir.1983) (a conflict of interest occurs whenever one defendant stands to gain significantly by counsel advancing plausible arguments that are damaging to a co-defendant whom counsel is also representing); and *Parker v. Parratt,* 662 F.2d 479 (8th Cir.1981)(where there are markedly different degrees of relative culpability between co-defendants, there is a likelihood of a conflict of interest).

■ At trial, Latta and Roger presented a unified defense arguing that the fire was the result of an electrical short in the attic; however, there was a divergence of their interests throughout. At a taped interview of Roger taken before trial, Studtman objected to a question about Latta, because an answer to the question might tend to incriminate Roger. In *Bruton v. U.S.,* the Court found that a pretrial statement of a defendant is not admissible against his co-defendant, unless the co-defendant is granted the opportunity to cross-examine the defendant. 391 U.S. 123, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1979). The Court further found that in the context of a jury trial, a limiting instruction is not an adequate substitution for a defendant's constitutional right to cross-examine. *Id.* Expanding on *Bruton,* the Court found that replacing a co-defendant's name with blanks in a pre-trial confession also deprives the defendant of the right to cross-examine because the jury will likely infer that the out of court confession of the co-defendant refers to the defendant. *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 1156, 140 L.Ed.2d 294 (1998). Thus, an out of court statement made by a co-defendant that implicates a defendant is not admissible at trial unless the defendant is granted the opportunity to cross-examine the co-defendant regarding the out of court statement. *Id.,* 118 S.Ct. at 1157.

■ In the present case, during a pretrial interview, Roger exercised his Fifth Amendment right to remain silent. Some of the questions to which Roger, through his counsel Studtman, exercised his right to remain silent, addressed Latta's involvement in the fire. This pre-trial interview was admitted as evidence at trial against Latta. In *Gray,* the Court, citing *Bruton,* stated that "the powerfully incriminating effect of . . . an out of court accusation . . . creates a special, and vital, need for cross-examination—a need that would be immediately obvious had the codefendant pointed directly to the defendant in the courtroom itself." *Gray,* 118 S.Ct. at 1156. Roger's silent response to questions incriminating Latta created the reasonable, but improper inference of Latta's guilt. Studtman was acting as Roger's agent during the interview, and a *Bruton* violation occurred when Studtman's objections indicating the possibility of Latta's guilt, were admitted as evidence at trial as part of Roger's interview.

In addition, at trial, evidence was introduced that implicated Latta, more than Roger. Detective Boyd interviewed Latta the day after the fire. During this interview, Boyd informed Latta that he knew it was a set fire. Boyd testified that during an interview, Latta stated, "I didn't set the fire to kill Brad. I set it because I was angry." (R. 1654). The testimony regarding Latta's confession directly conflicted Latta and Roger's joint defense. An actual conflict of interest arose between Latta and Roger because Roger stood to gain significantly by counsel advancing an argument that Roger was attempting to cover-up the actions of Latta.

**B. Adverse Effect**

■ In *Williams,* we found that where an actual conflict of interest exists between defendants, the performance of joint counsel in representing both defendants is necessarily impaired. *Id.* at 1315. An adverse effect on performance refers to the effect that the divergence of the co-defendants' interests has on trial counsel's performance. *Tate,* 515 N.E.2d at 1147 (Ind.Ct.App.1987). An adverse effect on trial counsel's performance can be shown

by: (1) a plausible strategy or tactic that was not followed, but might have been pursued; and (2) an inconsistency between that strategy or tactic and counsel's other loyalties, or that the alternate strategy or tactic was not undertaken due to the conflict. *Woods v. State,* 701 N.E.2d 1208, 1223 (Ind.1998), *reh'g denied.*

■ Latta claims that trial counsel's performance suffered an adverse effect resulting from the actual conflict. Specifically, she alleges that trial counsel attempted to present conflicting defense strategies for her and Roger. Evidence of an adverse effect on performance occurred when Studtman failed to cross-examine Roger regarding his taped interview.

Further evidence of an adverse effect is in Studtman's closing argument when he implicated Latta. During closing argument, Studtman asked the jury to assume that Roger was covering up for Latta.

Now, then, if we would assume for argument's sake that Roger was trying to protect Jackie [Latta], again, just for argument's sake, just assume that, does that make him guilty of anything other than perhaps making a false statement to police. That is not arson murder ...

(R. 3001). Latta's attorney incriminated her, while making a conflicting defense argument for Roger.

Trial counsel's failure to cross-examine Roger regarding his taped interview and trial counsel's tactic of admitting the corpus of the crime but denying Roger's participation in the crime is a clear and plain showing that trial counsel's performance was adversely affected by the conflict of interest.

## C. Prejudice

Latta must also show that the joint representation resulted in actual prejudice because she did not object at trial. *Sada,* 706 N.E.2d at 199. Latta has shown that a taped interview of Roger was admitted at trial as evidence against her. Latta has further shown that the taped interview of Roger contained evidence that created an incriminating inference. Latta has also shown that during closing argument, Studtman argued that even if the jury found Latta guilty, they did not have enough evidence to find Roger guilty. The instances identified by Latta, provide a clear showing that trial counsel's performance was adversely affected by the conflict, and that the adverse effect prejudiced Latta. A review of the record supports the conclusion that counsel's joint representation resulted in actual prejudice to Latta.

## III. Waiver

The State responded in part to Latta's claim of conflict of interest by arguing waiver of the issue. We disagree.

■ In *Whittle v. State,* 542 N.E.2d 981, 985 (Ind.1989) *overruled on other grounds, Scisney v. State,* 701 N.E.2d 847 (Ind.1998), the Supreme Court of Indiana concluded that a defendant, advised of his right to individual counsel and questioned about possible conflicts, waives any subsequent appeal based on the potential conflict of interest unless he objects at trial. Thus, failure to raise the issue of ineffective assistance of counsel on appeal generally waives the issue, unless the issue rises to the level of fundamental error. *Williams,* 529 N.E.2d at 1315.

■ Fundamental error is error that, if not corrected would deny a defendant fundamental due process. *Ware v. State,* 560 N.E.2d 536, 539 (Ind.Ct.App. 1990). "Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved." *Id.* (citing *Decker v. State,* 515 N.E.2d 1129, 1132 (Ind.Ct.App. 1987)). "Fundamental error is demonstrated where the existence of an actual conflict precluding counsel's undivided loyalty is shown plainly." *Williams,* 529 N.E.2d at 1315.

In the case at hand, the Record plainly shows that an actual conflict of interest existed and is evidenced by trial counsel's actions at trial. Thus, Latta's claim of ineffective assistance due to a conflict of interest meets the fundamental error test and was not waived by the failure to object at trial. Because of our previous conclusion that an actual conflict of interest existed at trial, that it adversely affected trial counsel, and that the adverse effect was prejudicial, we find the conflict of interest was a fundamental error.

## CONCLUSION

Based on the foregoing, we conclude that an actual conflict arose between Latta and her co-defendant, Roger; that the conflict adversely affected trial counsel Studtman's action; and that this conflict so affected the trial that the result was fundamentally unfair or unreliable. Further, we find that this issue was not waived and thus amounted to fundamental error.

We reverse and remand this matter for new trial.

KIRSCH, J., and SHARPNACK, C.J., concur.